IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TOLANO ANDERSON, et al., ) | |
| ) | |
| Plaintiffs, ) | C.A. No. 06 CV 00567 (SLR) |
| ) | |
| v. ) | |
| ) | |
| WACHOVIA MORTGAGE CORPORATION ) | |
| *and* WACHOVIA CORPORATION, ) | |
| ) | |
| Defendants. ) | |

**MOTION OF DEFENDANTS WACHOVIA MORTGAGE CORPORATION AND WACHOVIA CORPORATION FOR REARGUMENT OF THE COURT'S JULY 18, 2007 ORDER DENYING IN PART THEIR MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

Defendants Wachovia Mortgage Corporation and Wachovia Corporation (collectively, "Wachovia") hereby move this Court for reargument of its July 18, 2007 Order denying in part Wachovia's motion to dismiss plaintiffs' amended complaint.

The Court's Order dismisses plaintiffs' claims for breach of contract and for tortious interference with contractual relations. However, the Court preserved plaintiffs' claims under 42 U.S.C. § 1981 and for breach of the implied covenant of good faith and fair dealing. For the following reasons, Wachovia respectfully submits that the Court should have dismissed these claims as well:

## I.  The Court Should Have Dismissed Plaintiffs' Section 1981 Claim.

### A.  Plaintiffs' Section 1981 Claim Is Barred By The Statute of Limitations.

1. In its July 18 Opinion, the Court explained that it "lacks sufficient information" to determine whether plaintiffs' Section 1981 claim is subject to the four-year statute of limitations under 28 U.S.C. § 1658 or Delware's two-year statute of limitations for personal injury actions. *See* Op. at 12 (attached as Exhibit A).

2. However, the Court correctly noted that the two-year limitations period would apply if all of Wachovia's alleged conduct predated the formation of the contracts at issue. Op. at 11.

3. Furthermore, the Court concluded that the only contracts adequately pled in plaintiffs' amended complaint were the mortgage contracts entered into on August 6, 2004 (for the Andersons and the Wilkinses) and August 13, 2004 (for the Wheatleys). Op. at 14 n.16.

4. All of the alleged "unreasonable hurdles" that Wachovia supposedly imposed on plaintiffs as conditions of obtaining their mortgage loans ***predate*** the formation of these August 2004 mortgage contracts. Indeed, the essence of plaintiffs' claim is that Wachovia insisted that plaintiffs comply with these conditions ***before*** issuing their loans.

5. Hence, plaintiffs' Section 1981 claim is subject to Delaware's two-year statute of limitations for personal injury actions, not the four-year statute of limitations under 28 U.S.C. § 1658.

6. Because plaintiffs' complaint was filed more than two years after all of the supposed "unreasonable hurdles" for obtaining their mortgage loans allegedly were imposed, their Section 1981 claim is time barred.

### B. Plaintiffs Fail To Plead Intentional Discrimination.

7. Plaintiffs' Section 1981 claim fails for the additional reason that they never alleged the crucial element of intentional discrimination by Wachovia.

8. The Court's Opinion identifies three elements of a Section 1981 claim: "(1) [that plaintiff] is a member of a racial minority; (2) intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in the statute[,] which includes the right to make and enforce contracts." Op. at 12-13 (quoting *Brown v. Phillip Morris, Inc.,* 250 F.3d 789, 797 (3d Cir. 2001)).

9. As the Court acknowledged, plaintiffs' amended complaint alleges only the first and third of these elements. Op. at 13. Nowhere does the amended complaint allege that Wachovia intentionally discriminated against plaintiffs on account of their race. Indeed, the amended complaint alleges no statement or act by anyone at Wachovia that could remotely be construed as even *implying* such an intent. To the contrary, the only allegations in the amended complaint relating to Wachovia's supposed "motive" for imposing "unreasonable" loan conditions are that:

  a. Wachovia employee Hogsten had "his own *undisclosed* reasons for undermining" plaintiffs' loans (which he *did not* in fact undermine), Am. Compl. ¶ 15 (emphasis added); and

3

        b.    Hogsten wanted to undermine the loans because he allegedly was "not going to make enough money on this transaction," Am. Compl. ¶ 23.

    10.    On their face, these allegations do not begin to suggest an intent to discriminate on the basis of plaintiffs' race.

    11.    Nevertheless, the Court concluded that plaintiffs could fill in the omitted second element with "a *reasonable inference* of intentional racial discrimination." Op. at 2 (emphasis added).

    12.    Plaintiffs may not use Rule 12(b)(6)'s "reasonable inference" standard to supply facts their complaint omits. *Caldwell v. City of Elwood,* 959 F.2d 670, 672-73 (7th Cir. 1992) ("[Plaintiff] has not pled that any of the defendants actually knew [of the alleged constitutional violation]. Instead, he argues that at the pleading stage he is entitled to a reasonable inference [of this knowledge]. [Plaintiff] mistakenly interprets 'reasonable inferences' to include bridging the gap [in his pleading]."); *Amron v. Morgan Stanley Inv. Advisors, Inc.,* 464 F.3d 338, 343 (2d Cir. 2006) ("A plaintiff must allege . . . those facts *necessary* to a finding of liability"; "a plaintiff must *allege* these requirements at the pleading stage") (emphasis in original; internal quotation marks omitted).

    13.    Because plaintiffs' amended complaint fails to plead the crucial element of intentional discrimination -- and this gap in their complaint cannot be filled by Rule 12(b)(6)'s "reasonable inference" standard -- plaintiffs' Section 1981 claim should have been dismissed.

**II.     The Court Should Have Dismissed Plaintiffs' Claim For Breach Of The Implied Covenant Of Good Faith And Fair Dealing.**

14.     Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing is based solely on their allegations that Wachovia insisted they spend money and labor upgrading their properties as a condition of obtaining their loans, which plaintiffs agreed to do. Op. at 16.

15.     Plaintiffs do *not* assert that the conditions Wachovia imposed forced them to go elsewhere to obtain their loans and that they suffered damages as a result. To the contrary, plaintiffs allege that they *obtained* the loans *from Wachovia* by *complying* with these conditions.

16.     Even assuming that the loan conditions Wachovia allegedly imposed were "unreasonable" -- which they were not -- that would not state a claim for *breach* of an implied term. *See, e.g., Super Glue Corp. v. Avis Rent A Car Sys., Inc.,* 132 A.D.2d 604, 606, 517 N.Y.S.2d 764, 766 (2d Dep't 1987) (allegations of contractual unfairness may "be used as a shield, not a sword, and may not be used as a basis for affirmative recovery"); 7 Joseph M. Perillo, Corbin on Contracts § 29.3 (rev. ed. 2002) (allegations of unfairness or unreasonableness do "not create a cause of action for damages"); *see also Harris v. Green Tree Fin. Corp.,* 183 F.3d 173, 181 (3d Cir. 1999) (allegations that "contractual terms [were] unreasonably favorable" to one party, with "no meaningful choice on the part of the other party," support only "a *defensive* contractual remedy which serves to *relieve* a party from an unfair contract," not a claim for breach) (emphasis added) (internal quotation marks omitted).

5

WHEREFORE, defendants Wachovia Mortgage Corporation and Wachovia Corporation respectfully ask this Court to grant reargument of its July 18, 2007 Order denying in part their motion to dismiss plaintiffs' amended complaint.

Respectfully submitted,

/s/ Michael J. Barrie

| | |
|---|---|
| *Of Counsel* | Michael J. Barrie |
| Elizabeth K. Ainslie | Schnader Harrison Segal & Lewis LLP |
| Stephen A. Fogdall | 824 N. Market Street |
| Schnader Harrison Segal & Lewis LLP | 10th Floor, Suite 1001 |
| 1600 Market Street, Suite 3600 | Wilmington, DE 19801-3011 |
| Philadelphia, PA 19103 | (302) 888-4554 |
| (215) 751-2000 | |

*Counsel for Defendants Wachovia Mortgage Corporation
and Wachovia Corporation*

Dated:  August 1, 2007

## CERTIFICATE OF SERVICE

I, Michael J. Barrie, certify that the forgoing Motion of Wachovia Mortgage Corporation and Wachovia Corporation for Reargument of the Court's July 18, 2007 Order Denying in Part Their Motion to Dismiss Plaintiffs' Amended Complaint upon the following by overnight mail:

>John S. Grady, Esquire
>Grady & Hampton, LLC
>6 North Bradford Street
>Dover, DE 19904

/s/ Michael J. Barrie

August 1, 2007

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| TOLANO ANDERSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No. 06 CV 00567 (SLR) |
| | ) | |
| v. | ) | |
| | ) | |
| WACHOVIA MORTGAGE CORPORATION | ) | |
| *and* WACHOVIA CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER GRANTING MOTION OF DEFENDANTS WACHOVIA MORTGAGE CORPORATION AND WACHOVIA CORPORATION FOR REARGUMENT OF THE COURT'S JULY 18, 2007 ORDER DENYING IN PART THEIR MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

AND NOW, this _____ day of _____, 2007, upon consideration of the Motion of Defendants Wachovia Mortgage Corporation and Wachovia Corporation for Reargument of the Court's July 18, 2007 Order Denying in Part Their Motion to Dismiss Plaintiffs' Amended Complaint (D.I. 17); it is hereby

**ORDERED** that the Motion be and hereby is **GRANTED**.

                                                                                          _____
                                                                                          Sue L. Robinson, C.U.S.D.J.