IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TOLANO ANDERSON, et al., | ) | |
| Plaintiffs, | ) ) ) | C.A. No. 06 CV 00567 (SLR) |
| v. | ) ) | |
| WACHOVIA MORTGAGE CORPORATION *and* WACHOVIA CORPORATION, | ) ) ) | |
| Defendants. | ) ) | |

## ANSWER AND AFFIRMATIVE DEFENSES

Wachovia Mortgage Corporation and Wachovia Corporation (collectively "Wachovia"), for their answer and affirmative defenses to plaintiffs' amended complaint, state as follows:

1. Wachovia assumes that this allegation is true.

2. Denied. By way of further answer, the Andersons and the Wheatleys have had accounts at Wachovia Bank, N.A., which is not a party to this action and had no involvement with the events alleged. Wachovia Mortgage Corporation is a subsidiary of Wachovia Bank, N.A.

3. Wachovia denies the allegation that plaintiffs' previous mortgages from Wachovia were "in predominantly minority or racially-mixed neighborhoods." This description

is undefined and objectionable.  Wachovia admits that the Andersons and the Wheatleys have previously obtained mortgage loans from Wachovia Mortgage Corporation.

4.  Wachovia denies the allegation that the properties plaintiffs sought to purchase were "in a white neighborhood."  This description is undefined and objectionable.  The remaining allegations in this paragraph are admitted.

5.  Wachovia is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

6.  Wachovia is without knowledge or information sufficient to form a belief as to truth of the allegation that the seller of the properties was planning to invest in a 1031 exchange and that it was important for him that all three properties be sold at the same time.  The remaining allegations in this paragraph are admitted.

7.  Admitted that Hogsten was aware that plaintiffs intended to take title separately to their respective properties.  The remaining allegations in this paragraph are denied.

8.  Wachovia is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

9.  Admitted that the Andersons and the Wheatleys had accounts at Wachovia Bank, N.A.  The remaining allegations in this paragraph are denied.  By way of further answer, Wachovia Mortgage Corporation is a subsidiary of Wachovia Bank, N.A.

10.  Denied.

11.  Admitted.

2

12. Admitted that the Andersons' property was scheduled to be appraised in July 2004 by a licensed independent appraiser. Wachovia denies that the appraiser was sent or assigned by Hogsten.

13. Wachovia is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

14. Denied. The property could not be appraised because it was not habitable. On information and belief, the property at that time had extensive mold, no functional toilets or bath, no heating system, much of the drywall was missing, wiring was exposed, and ventilation ducts were dangling from the ceiling.

15. Denied.

16. Denied. Hogsten properly and correctly explained that the property could only be appraised once the needed repairs were made and the property was restored to a habitable condition.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Wachovia admits that on August 2, 2004, after the needed repairs were made, *see supra* ¶ 14, the Andersons' property was appraised at $267,000.00, or $333.33 more than the $266,666.67 purchase price.

3

22.	Admitted.

23.	Denied.

24.	Denied.

25.	Denied.  *Before* the August 2, 2004 appraisal of the Andersons' property, Hogsten explained that that property could not be appraised until the needed repairs were made and the property was restored to a habitable condition.  *See supra* ¶¶ 14, 16.

26.	Admitted that Hogsten met with the Wilkinses on or about July 2, 2004. The remaining allegations in the paragraph are denied.

27.	Denied.

28.	Admitted only to the extent that Hogsten informed Anderson that the appraiser (*see supra* ¶ 21) had suggested to Hogsten that the property might be more valuable as a commercial property.  The remaining allegations of this paragraph are denied.

29.	Admitted that the Wilkinses' property was appraised on July 13, 2004. The property was appraised at $267,000.00, or $333.33 more than the $266,666.67 purchase price.

30.	Admitted.  By way of further answer, sourcing funds is a standard industry underwriting practice.

31.	Denied.

4

32. The allegation in the first sentence of this paragraph is admitted. By way of further answer, sourcing funds is a standard industry underwriting practice. The remaining allegations in this paragraph are denied.

33. Admitted that before the Andersons' property could be appraised, and a loan issued, the property required significant repairs. *See supra* ¶¶ 14, 21, 25. The remaining allegations in this paragraph are denied.

34. Denied. There was no "second appraisal" of the Andersons' property. The property only was appraised once (on August 2, 2004) for $267,000.000, or $333.33 more than the $266,666.67 purchase price. *See supra* ¶ 21.

35. Admitted that the Wheatleys' property was appraised on July 7, 2004. Like the Andersons' and the Wilkinses' properties, the Wheatleys' property was appraised at $267,000.00, or $333.33 more than the $266,666.67 purchase price.

36. Denied. The property was appraised at $267,000.00, or $333.33 more than the $266,666.67 purchase price. Moreover, the July 7, 2004 appraisal of the Wheatleys' identified several needed repairs, including work on the house's wood shake roof.

37. Denied. By way of further answer, Hogsten has no authority to "lift" bank requirements.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Wachovia is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

43. Admitted.

44. Denied.

45. Admitted to the extent that the sales of all three of plaintiffs' properties closed in August 2004.

46. Admitted that the sales of the Andersons' and Wilkinses' properties closed on August 6, 2004. However, the Wheatleys' loan had not yet been approved. Because the Wheatleys were unable to demonstrate sufficient taxable income, Hogsten offered them an alternative loan program for which they could qualify. The Wheatleys could not qualify for primary mortgage insurance (PMI) under this alternative program, so they were required to make a 20% down payment. The Wheatleys were fully aware of this requirement before August 6, 2004.

47. Wachovia is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. By way of further answer, the sales of all three properties did close and plaintiffs did not lose their $40,000.00 deposit.

48. Admitted the Wheatleys appropriately were required to submit a letter from a contractor certifying that the roof of the house did not leak (a potential problem identified in the appraisal, *see supra* ¶ 36).

49. Denied.

50. Denied.

51. Denied.

52. Wachovia is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

53. Denied. By way of further answer, the Wheatleys already were aware that the increased down payment was required as part of their alternative loan program. *See supra* ¶ 46.

54. Denied. *See supra* ¶ 46.

55. Denied.

56. Denied. The Wheatleys already were aware that they were required to make a 20% down payment as a part of their alternative loan program. *See supra* ¶ 46. The remaining allegations in this paragraph are denied.

57. Wachovia is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

58. Wachovia is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

59. Admitted that the Wheatleys did make a 20% down payment per their alternative loan program. The remaining allegations in this paragraph are denied.

60. Denied.

61. Denied. The Wheatleys already were well aware that they were required to make a 20% down payment as a part of their alternative loan program. *See supra* ¶ 46.

62. Wachovia is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

63. Admitted.

64. Denied. The Wheatleys already were aware that they were required to make a 20% down payment as a part of their alternative loan program. *See supra* ¶ 46.

65. Denied. The Wheatleys made the 20% down payment as required under their alternative loan program.

66. Denied.

67. Denied.

68. Denied.

**COUNT ONE**

69. Wachovia incorporates the foregoing responses to paragraphs 1 through 68 as if fully set forth herein.

70. Denied.

71. Denied.

72. Denied.

73. Denied. Moreover, the Court's July 18, 2007 Order dismissed this claim.

74. Denied. Moreover, the Court's July 18, 2007 Order dismissed plaintiffs' claim for breach of contract.

75. Denied. Moreover, plaintiffs withdrew this claim in their November 2, 2006 Answering Brief in Opposition to Defendants' Motion to Dismiss Pursuant to 12(b)(6).

76. Denied.

WHEREFORE, Wachovia denies that it is liable to the Andersons for any damages or other relief and demands: (a) that plaintiffs' complaint be dismissed with prejudice; (b) that judgment be entered in Wachovia's favor and against plaintiffs; and (c) and that Wachovia be awarded its costs.

## COUNT TWO

77. Wachovia incorporates the foregoing responses to paragraphs 1 through 76 as if fully set forth herein.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied. Moreover, the Court's July 18, 2007 Order dismissed this claim.

83. Denied. Moreover, the Court's July 18, 2007 Order dismissed plaintiffs' claim for breach of contract.

84. Denied. Moreover, plaintiffs withdrew this claim in their November 2, 2006 Answering Brief in Opposition to Defendants' Motion to Dismiss Pursuant to 12(b)(6).

WHEREFORE, Wachovia denies that it is liable to the Wheatleys for any damages or other relief and demands: (a) that plaintiffs' complaint be dismissed with prejudice; (b) that judgment be entered in Wachovia's favor and against plaintiffs; and (c) and that Wachovia be awarded its costs.

## COUNT THREE

85. Wachovia incorporates the foregoing responses to paragraphs 1 through 84 as if fully set forth herein.

86. Denied.

87. Denied.

88. Wachovia is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied. Moreover, the Court's July 18, 2007 Order dismissed this claim.

94. Denied. Moreover, the Court's July 18, 2007 Order dismissed plaintiffs' claim for breach of contract.

95. Denied. Moreover, plaintiffs withdrew this claim in their November 2, 2006 Answering Brief in Opposition to Defendants' Motion to Dismiss Pursuant to 12(b)(6).

96. Denied.

WHEREFORE, Wachovia denies that it is liable to the Wilkinses for any damages or other relief and demands: (a) that plaintiffs' complaint be dismissed with prejudice; (b) that judgment be entered in Wachovia's favor and against plaintiffs; and (c) that Wachovia be awarded its costs.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs' claims are barred in whole or in part for failure to state a claim upon which relief can be grated.

### Second Affirmative Defense

Plaintiffs' claims under 42 U.S.C. § 1981 are barred by the statute of limitations.

*Third Affirmative Defense*

Plaintiffs' claims are barred in whole or in part because they voluntarily accepted every supposedly unreasonable loan condition that Wachovia allegedly imposed.

*Fourth Affirmative Defense*

Plaintiffs' claims are barred in whole or in part by the doctrine of substituted contracts.

*Fifth Affirmative Defense*

Plaintiffs' claims are barred in whole on in part by the doctrine of merger.

*Sixth Affirmative Defense*

Plaintiffs' claims are barred in whole or in part because any injuries they allegedly suffered were not caused by Wachovia.

*Seventh Affirmative Defense*

Plaintiffs' claims are barred in whole or in part because any injuries they allegedly suffered were caused or aggravated by their own failure to mitigate such injuries.

*Eighth Affirmative Defense*

Plaintiffs' claims are barred in whole or in part because Wachovia at all times acted reasonably and in good faith.

*Ninth Affirmative Defense*

Plaintiffs' claims under state law are barred in whole or in part because they are preempted by the National Bank Act, 12 U.S.C. § 21 *et seq.*

Wachovia reserves the right to raise additional affirmative defenses at any point.

WHEREFORE, Wachovia demands: (a) that plaintiffs' complaint be dismissed with prejudice; (b) that judgment be entered in Wachovia's favor and against plaintiffs; and (c) that Wachovia be awarded its costs.

|  |  |
|---|---|
| *Of Counsel* <br> Elizabeth K. Ainslie <br> Stephen A. Fogdall <br> Schnader Harrison Segal & Lewis LLP <br> 1600 Market Street, Suite 3600 <br> Philadelphia, PA 19103 <br> (215) 751-2000 | /s/ Michael J. Barrie <br> Michael J. Barrie <br> Schnader Harrison Segal & Lewis LLP <br> 824 N. Market Street <br> 10th Floor, Suite 1001 <br> Wilmington, DE 19801-3011 <br> (302) 888-4554 |

*Counsel for Defendants Wachovia Mortgage Corporation
and Wachovia Corporation*

Dated: August 1, 2007

## CERTIFICATE OF SERVICE

      I, Michael J. Barrie, certify that the forgoing Answer and Affirmative Defenses were served upon the following by overnight mail:

>John S. Grady, Esquire
>Grady & Hampton, LLC
>6 North Bradford Street
>Dover, DE 19904

      /s/ Michael J. Barrie

August 1, 2007