IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TOLANO ANDERSON, et al., ) | |
| ) | |
| Plaintiffs, ) | C. A. No. 06 CV 00567 (SLR) |
| ) | |
| v. ) | |
| ) | |
| WACHOVIA MORTGAGE CORPORATION ) | |
| and WACHOVIA CORPORATION, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' RESPONSE TO
DEFENDANTS' MOTION FOR RE-ARGUMENT**

Defendants' motion for re-argument should be denied for the following reasons:

**I.     Section 1981 claim.**

The defendant argues in his motion for re-argument that all of the unreasonable conduct of the defendants pre-date the formation of the August 2004 mortgage contracts and therefore the court should dismiss this case based upon the statute of limitations.

The defendants have incorrectly asserted the allegations of plaintiffs' complaint. Plaintiffs initially contacted the defendants in June 2004 and entered into an agreement with the bank that the bank would supply a loan to plaintiffs following plaintiffs meeting certain conditions. The allegations of the complaint are that the bank's conduct after that point was unreasonable. The court correctly noted in its opinion, at footnote 16, that a fair reading of the complaint was that there were two separate agreements – the first agreement to enter into a mortgage contract upon the completion of certain pre-determined requirements and the second the mortgage contracts themselves. The court correctly states that if the alleged misconduct was subsequent to the initial contract, then

the 4-year statute of limitations would be applicable. In this case, adequate facts have been alleged that the conduct of the defendants post-dated the initial agreement.

Plaintiffs do not believe that the motion for re-argument should be granted. Plaintiffs do not have the advantage, at this time, of all the contractual documents that are in defendants' possession in connection with the original engagement between plaintiffs and the defendants. It is plaintiffs' contention that the alleged wrongdoing resulted from the time after the initial contact and the agreement to enter into a mortgage rather than from the actual mortgage contract itself, which the plaintiffs eventually entered into. Plaintiffs expect to receive from defendants documents (not now in plaintiffs' possession) evidencing the initial application for the mortgage. For the sake of clarity, plaintiffs will probably seek to amend the complaint to identify more clearly the initial contractual engagement between the parties. Plaintiffs assert that it is the processing of this contractual agreement that was the subject of plaintiffs' complaint of discrimination and bad faith.

It will be plaintiffs' contention that very early on in the plaintiffs' dealings with Wachovia, they paid application fees in connection with the mortgage application. By paying the application fee, Wachovia implied a promise to process their applications in a fair and non-discriminatory manner. It is plaintiffs' contention that any acts following that application fee would be considered post-contractual conduct, which is governed by the four-year statute of limitations. The court was correct in allowing both parties the opportunity for some discovery and to flush out exactly when the initial contract was made and what conduct preceded it and what conduct came after it.

**II.     Section 1981 claim.**

Defendants suggest that the plaintiffs have failed to prove intentional discrimination in their §1981 claim. The plaintiffs have addressed in detail the allegations in the complaint and the reasonable inferences for which they are entitled to be drawn from that. Pages 9 through 14 of plaintiffs' brief. Plaintiffs have alleged that the conduct of defendants constitutes intentional discrimination. The court, in its opinion dated July 18, 2007, found that the allegations in the complaint satisfied a reasonable inference of intentional discrimination. There is no reason to challenge that decision. Plaintiffs have alleged facts which they believe would be sufficient for a finding of liability.

The cases cited by the defendants are not helpful. *Amron v. Morgan Stanley Investment Advisors, Inc.*, 464 F.3d 438, 343 (2nd Cir.) is a case brought by investors against investment fund managers, alleging that managers charge unreasonably high fees. The court in that case was addressing the facts which must be plead in connection with a securities case. Plaintiffs submit that the facts plead in this case are sufficient at this stage in the proceedings to meet the requirements of Rule 1206.

In the *Amron* case, the court was concerned with the pleadings because they failed to allege any facts which pertain to the relationship between fees and services. The *Amron* case is really not helpful in the analysis of this case.

The case of *Caldwell v. City of Englewood, Indiana*, 959 F.2d 670 (2nd Cir. 1992) is also not helpful. In that §1983 case, the plaintiff alleged that the defendant had violated his first amendment rights. The court in its opinion stated that the plaintiff failed to allege that the named defendants even knew of the alleged constitutional violation and

3

that furthermore there was no *respondeat superior* liability. The instant case is obviously different. The allegations are that employees of defendants had actual knowledge of the wrongful conduct and that Wachovia is responsible for their conduct. Wachovia is not a municipality.

2. This Court has correctly stated that it has settled Delaware law that there is an implied covenant of good faith. The Court has indicated that the plaintiffs have adequately identified and pled a case.

The defendants relied upon a New York case, *Super Glue Corp. v. Avis Car Systems, Inc*., 517 N.Y.S.2d 765 (1987) (rather than any Delaware cases) to suggest that the Court was wrong in its initial order. The *Super Glue* case was a class-action suit dealing with refueling charges, collision damage waivers and penalties for late returns. It addresses the doctrine of unconscionability in New York. It is not helpful. This Court rightfully has relied upon Delaware law rather than New Jersey law. The defendants have also relied upon *Harris v. Greentree Finance Corporation*, 183 F.3d 173 (3rd Cir. 1999), a case dealing with whether an arbitration clause was unconscionable. That case is also not helpful.

WHEREFORE, plaintiffs pray that the Court deny the motion for re-argument.


                                              GRADY & HAMPTON, LLC

                                              /S/    John S. Grady
                                              John S. Grady (I.D. 009)
                                              6 North Bradford St.
                                              Dover, DE 19904
                                              (302) 678-1265
                                              *Attorneys for Plaintiffs*

DATED:    August 10, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of August, 2007, a true and correct copy of the **PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR RE-ARGUMENT** was served via CM/ECF Pacer upon the following:

Stephen A. Fogdall, Esquire
Schnader, Harrison, Segal & Lewis, LLP
1600 Market Street, Suite 3600
Philadelphia, PA  19103-7286


                                 GRADY & HAMPTON, LLC

                                     /S/     John S. Grady
                                John S. Grady (I.D. 009)
                                6 North Bradford St.
                                Dover, DE 19904
                                (302) 678-1265
                                *Attorneys for Plaintiffs*