**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| TOLANO ANDERSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | C. A. No. 06 CV 00567 (SLR) |
| | ) | |
| v. | ) | |
| | ) | |
| WACHOVIA MORTGAGE CORPORATION | ) | |
| and WACHOVIA CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' MOTION TO COMPEL DISCOVERY
PURSUANT TO RULE 37**

Plaintiffs move, pursuant to Rule 37, that the Court compel the Defendants to answer the interrogatories and the requests for production in this case for the following reasons:

1.    On September 11, 2007, and September 21, 2007, Plaintiffs filed interrogatories with the Defendants.  Attached as Exhibit A is a copy of those interrogatories and the responses of the Defendants.

2.    Defendants objected to virtually every interrogatory.

3.    Plaintiffs filed a request for production on September 11, 2007.  Attached as Exhibit B is a copy of the request for production.

4.    Plaintiffs filed a second request for production on September 21, 2007. Attached as Exhibit C is a copy of those requests.

5.    In response to questions 1, 3, 4, 8, 11, 14 and 16, Defendants failed to provide any responses.  Their references to Rule 33(d) are not proper when answers could

have been provided.  The loan files referred to constitute hundreds of pages.  Wachovia should be required to answer those questions.

6.    With respect to question 5, Defendants are well aware that there was an initial appraiser who came out to meet Anderson.  According to deposition testimony, that appraiser ultimately did not complete an appraisal.  That question should have been answered.

7.    With respect to interrogatory 6, the Defendants could reasonably respond to that answer.  Instead, Wachovia referred to certain documents which do not necessarily answer the questions asked.

8.    Question number 7 refers to what other loan officers assume a responsibility to Mr. Hogsten and the answer is simply objected to.  Defendants should have answered that question.

9.    In interrogatory 9, Plaintiffs asked a specific question concerning the conduct of Mr. Hogsten.  The response was that this information should be obtained by deposing Mr. Hogsten.  That is not a proper interrogatory response.

10.    The response to interrogatory 10, that Plaintiffs could have answered the question by reference to the underwriting guidelines and the loan files", is not an adequate answer.

11.    In question 12 of the interrogatories, Plaintiffs requested specific information concerning an allegation that Hogsten wanted an additional down payment.  The response to that was to take Hogsten's deposition or to take a 30(b)(6) deposition.  Question 12 could have been answered by the Defendants and a 30(b)(6) deposition should not be necessary.

12.    Interrogatory 13 requests information concerning obtaining a PMI.  The response was that the information could be obtained in a 30(b)(6) deposition.  That answer is not responsive and the information requested could have been answered.

13.    Interrogatory 15 asks for data which might be available for African-Americans purchasing homes over $250,000.00.  The response was that the interrogatory is not relevant or reasonably calculated to lead to relevant discovery.  Such information would be helpful in determining the overall policies of Wachovia.

14.    Plaintiffs also filed a request for production on September 11, 2007.  The Defendants did not respond to the request for production; however, the Defendants have produced some substantial documents.  It would, of course, be helpful if Defendants had indicated which documents it was producing in response to each request and which ones it was objecting to, and if the documents that were produced constituted a complete response.  In Plaintiffs' counsel's review of the documents which have been produced, there appeared to be no response to requests 4, 5, 6, 7, 8, 9, 10 and 11.

15.    Counsel for Plaintiffs has conferred with counsel for Defendants and specifically requested him to answer the interrogatories and counsel for Defendants has indicated that he stands by his objections.

GRADY & HAMPTON, LLC

_____/S/_____John S. Grady_____
John S. Grady (I.D. 009)
6 North Bradford St.
Dover, DE 19904
(302) 678-1265
*Attorneys for Plaintiffs*

DATED:    December 5, 2007

# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| TOLANO ANDERSON, et al., | ) |
| | ) |
| Plaintiffs, | ) C. A. No. 06 CV 00567 (SLR) |
| | ) |
| v. | ) |
| | ) |
| WACHOVIA MORTGAGE CORPORATION | ) |
| and WACHOVIA CORPORATION, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFFS' FIRST SET OF INTERROGATORIES
DIRECTED TO DEFENDANTS**

1.    Identify each and every employee of the Defendants' corporation who participated in the application and approval process of the Plaintiffs' loans. With respect to each, submit the following:

   a.  His/her particular role;

   b.  Whether any decisions or input was made solely or in consultation with others, and if others, what other persons and what their roles were.

***ANSWER:***

2.    State the date that the Defendants first initiated the application process of each of the Plaintiffs. Also specify how the mortgage application was initiated.

***ANSWER:***

3.      State on what date that the Defendants first required and accepted any money from the Plaintiffs in connection with the mortgage applications, and further state what the purpose of that money was for and whether it was refundable or non-refundable.

*ANSWER:*


4.      When was the first time Plaintiffs were verbally informed of what their down payment would be in connection with the mortgage applications and what the interest rates would be, and who was the individual who informed the Plaintiffs of this information?

*ANSWER:*


5.      What is the name and address of the first appraiser used by the Defendants in this case?  State what the business relationship was with that appraiser, for example, how often he was used by the Defendants.

*ANSWER:*


6.      Identify the method by which the bank selected the appraisers in this case. For example, state whether they came from a specific list of approved appraisers or whether they are randomly selected or whether each loan officer has his or her own method of giving appraisals.

*ANSWER:*


7.     Identify other loan officers of Wachovia in Kent County who have mortgage responsibilities similar to those of Mr. Hogsten.

*ANSWER:*


8.     What was the role in the mortgage applications of the Plaintiffs of Mr. Hogsten, Dan Wilkes, Mr. DeStefano, Skowronski, Ms. Colleen Fazzino and John Mullens in the mortgage transaction?

*ANSWER:*


9.     Did Mr. Hogsten ever inform or suggest to Mr. Anderson that any of the properties in question was a potential commercial property?  If so, state the basis of Mr. Hogsten's information and whether there were any documents which he relied upon or considered.

*ANSWER:*


10.     In paragraph 40 of Plaintiffs' amended complaint, there is an allegation that the Plaintiffs were told the bank policies on appraisals, repairs and warranties were

confidential and not available to the public. State the criteria of the bank, written or oral, for appraisals, repairs and warranties in connection with the loan application process and identify any loan documents which reflect these policies. Also state the financial criteria, written and oral, for approving loan applications.

*ANSWER:*


11.     Plaintiffs allege in paragraph 48 of the amended complaint that there could not be a closing on the Anderson property unless there was a letter from a contractor saying that the roof on the home did not leak. Is this correct? If so, what bank rule, regulation or requirement, oral or written, required such proof at that time?

*ANSWER:*


12.     In paragraph 52 of the amended complaint, there is an allegation that Hogsten said the bank wanted an additional down payment from Wheatley before this matter could go to closing. Is that correct? If so, state the bank regulations, rules and provisions, written or oral, which required a change in the down payment.

*ANSWER:*


13.     The allegation in paragraph 61 of the amended complaint alleges that DeStefano informed Wheatley that Wachovia was unable to obtain a PMI for his home.

If that is correct, state the reasons why Wachovia was unable to obtain a PMI and who the approval was from and what the rules, regulations and requirements of the bank were for obtaining the PMI approval.

***ANSWER:***

     14.    Identify the person or persons most knowledgeable about Wachovia's mortgage loan requirements who have knowledge of the facts of this case.

***ANSWER:***

GRADY & HAMPTON, LLC

John S. Grady (I.D. 009)
6 North Bradford St.
Dover, DE 19904
(302) 678-1265
*Attorneys for Plaintiffs*

DATED:     September 11, 2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TOLANO ANDERSON, et al., | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 06 CV 00567 (SLR) |
| v. | ) ) ) | |
| WACHOVIA MORTGAGE CORPORATION *and* WACHOVIA CORPORATION, | ) ) ) | |
| Defendants. | ) ) ) | |

---

## WACHOVIA'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANTS AND ADDITIONAL INTERROGATORIES DIRECTED TO DEFENDANTS

---

Defendants Wachovia Mortgage Corporation and Wachovia Corporation

(collectively "Wachovia") hereby respond to plaintiffs' First Set of Interrogatories Directed to

Defendants and to plaintiffs' Additional Interrogatories Directed to Defendants.

### PRELIMINARY STATEMENT

Wachovia objects to plaintiffs' First Set of Interrogatories and plaintiffs'

Additional Interrogatories because the information they seek is neither relevant to any claim or

defense in this action, nor reasonably calculated to lead to such evidence. Plaintiffs' claims are

brought under 42 U.S.C. § 1981. To succeed on their claims, plaintiffs must prove that

Wachovia intentionally discriminated against them on the basis of race when it agreed to issue

their loans in this case. None of plaintiffs' interrogatories pertain to that theory. Instead,

plaintiffs seek: (i) information relating to other loans Wachovia may have made to plaintiffs in

the past; (ii) information relating to other borrowers; (iii) information relating to Wachovia

employees who had no involvement in the transactions at issue here; and (iv) statistical evidence

of loan approval rates for African-Americans nationally and in Delaware. Such information has

absolutely no bearing on the elements plaintiffs must establish to prevail on their claims under

Section 1981.

## RESPONSES AND OBJECTIONS TO SPECIFIC INTERROGATORIES

1.      Identify each and every employee of the Defendants' corporation who

participated in the application and approval process of the Plaintiffs' loans. With respect to each,

submit the following:

> a.      His/her particular role;
>
> b.      Whether any decisions or input was made solely or in consultation with
>         others, and if others, what other persons and what their roles were.

**RESPONSE: Wachovia objects that this Interrogatory is overbroad and**

**unduly burdensome. Subject to and without waiver of these objections, Wachovia refers**

**plaintiffs to their loan files pursuant to Federal Rule of Civil Procedure 33(d).**

2.      State the date that the Defendants first initiated the application process of

each of the plaintiffs. Also specify how the mortgage application was initiated.

**RESPONSE: Wachovia objects to the form of this Interrogatory. Plaintiffs**

**"initiated the application process" by applying for their loans. Subject to and without**

**waiver of these objections, Wachovia refers plaintiffs to their loan files pursuant Federal**

**Rule of Civil Procedure 33(d).**

2

3.    State on what date that [sic] the Defendants first required and accepted any money from the Plaintiffs in connection with the mortgage applications, and further state what the purpose of that money was for and whether it was refundable or non-refundable.

**RESPONSE: Wachovia objects that any information responsive to this Interrogatory would be equally if not more available to plaintiffs than to Wachovia. Moreover, to the extent Wachovia has any responsive information in its possession, that information would be reflected in plaintiffs' loan files. Subject to and without waiver of these objections, Wachovia refers plaintiffs to their loan files pursuant to Federal Rule of Civil Procedure 33(d).**

4.    When was the first time Plaintiffs were verbally informed of what their down payment would be in connection with the mortgage applications and what the interest rates would be, and who was the individual who informed the Plaintiffs of this information?

**RESPONSE: Wachovia objects that information responsive to this Interrogatory would be reflected in plaintiffs' loan files. Subject to and without waiver of these objections, Wachovia refers plaintiffs to their loan files pursuant to Federal Rule of Civil Procedure 33(d).**

5.    What is the name and address of the first appraiser used by the Defendants in this case? State what the business relationship was with that appraiser, for example, how often he was used by the Defendants.

3

**RESPONSE: Wachovia objects to the form of this Interrogatory. Wachovia will not attempt to answer this Interrogatory until plaintiffs properly explain what they mean by the phrase "the first appraiser used by the Defendants in this case."**

6.    Identify the method by which the bank selected the appraisers in this case. For example, state whether they came from a specific list of approved appraisers or whether they are randomly selected or whether each loan officer had his or her own method of giving appraisals.

**RESPONSE: Wachovia objects to the form of this Interrogatory. Wachovia further objects that this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of these objections, Wachovia states that it did not "select" "the appraisers in this case," nor does "each loan officer" have "his or her own method of giving appraisals." Loan officers do not "give appraisals." Wachovia further states that to the extent it has information responsive to this Interrogatory in its possession, that information is reflected in plaintiffs' loan files. *See* ANDER000076-000080, ANDER000167; WHEAT000185; WILK000084-000086, WILK000186.**

7.    Identify other loan officers of Wachovia in Kent County who have mortgage responsibilities similar to those of Mr. Hogsten.

**RESPONSE: Wachovia objects that this interrogatory is not reasonably calculated to lead to admissible evidence for the reasons set forth in the Preliminary Statement, incorporated herein by reference.**

4

8.    What was the role in the mortgage applications of the Plaintiffs of Mr.
Hogsten, Dan Wilkes, Mr. DeStefano, Skowronski, Ms. Collen Fazzino and John Mullens in the
mortgage transaction?

**RESPONSE:  To the extent Wachovia has information responsive to this
Interrogatory in its possession, that information would be reflected in plaintiffs' loan files.
Wachovia refers plaintiffs to their loan files pursuant to Federal Rule of Civil Procedure
33(d).**

9.    Did Mr. Hogsten ever inform or suggest to Mr. Anderson that any of the
properties in question was a potential commercial property?  If so, state the basis of Mr.
Hogsten's information and whether there were any documents which he relied upon or
considered.

**RESPONSE:  Wachovia objects that any information responsive to this
Interrogatory should be obtained by deposing Mr. Hogsten.**

10.    In paragraph 40 of Plaintiffs' amended complaint, there is an allegation
that the Plaintiffs were told the bank policies on appraisals, repairs and warranties were
confidential and not available to the public.  State the criteria of the bank, written or oral, for
appraisals, repairs and warranties in connection with the loan application process and indentify
any loan documents which reflect these policies.  Also state the financial criteria, written and
oral, for approving loan applications.

**RESPONSE:  Wachovia objects to the form of this Interrogatory because it
presupposes an allegation that Wachovia has denied.  Wachovia further objects that this**

5

**Interrogatory is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of these objections, Wachovia refers plaintiffs to their loan files and to the underwriting guidelines already produced. Wachovia further notes that Fannie Mae's guidelines are available online at www.allregs.com/efnma.**

11.    Plaintiffs allege in paragraph 48 of the amended complaint that there could not be a closing on the Anderson property unless there was a letter from a contractor saying that the roof on the home did not leak. Is this correct? If so, what bank rule, regulation or requirement, oral or written required such proof at that time?

**RESPONSE: To the extent Wachovia has relevant and responsive information in its possession, custody or control, that information is reflected in the Andersons' loan file and in the underwriting guidelines already produced. Wachovia refers plaintiffs to these documents pursuant to Federal Rule of Civil Procedure 33(d).**

12.    In paragraph 52 of the amended complaint, there is an allegation that Hogsten said the bank wanted an additional down payment from Wheatley before this matter could go to closing. Is that correct? If so, state the bank regulations, rules and provisions, written or oral, which required a change in the down payment.

**RESPONSE: Wachovia objects that any information responsive to this Interrogatory should be obtained through plaintiffs' proposed 30(b)(6) deposition of Wachovia relating to the underwriting of plaintiffs' loans.**

13.     The allegation in paragraph 61 of the amended complaint alleges that DeStefano informed Wheatley that Wachovia was unable to obtain PMI for his home. If that is correct, state the reasons why Wachovia was unable to obtain a PMI and who the approval was from and what the rules, regulations and requirements of the bank were for obtaining the PMI approval.

**RESPONSE:  Wachovia objects that this Interrogatory is based on inaccurate assumptions.  Wachovia further objects that any information responsive to this Interrogatory should be obtained through plaintiffs' proposed 30(b)(6) deposition of Wachovia relating to the underwriting of plaintiffs' loans.**

14.     Identify the person or persons most knowledgeable about Wachovia's mortgage loan requirements who have knowledge of the facts of this case.

**RESPONSE:  Wachovia objects that this Interrogatory is overbroad and unduly burdensome.   Subject to and without waiver of these objections, Wachovia refers plaintiffs to their loan files pursuant to Federal Rule of Civil Procedure 33(d).**

15.     If the data is available, identify the number of applications by African-Americans for homes over $250,000.00 and the number of African-American applicants for homes over $250,000.00 in Kent County and the number of applications which have been approved in each category.

**RESPONSE:  Wachovia objects that this Interrogatory is overbroad and unduly burdensome.  Wachovia further objects that it is under no obligation to compile statistics for plaintiffs.  Wachovia further objects that this Interrogatory is not reasonably**

calculated to lead to the discovery of admissible evidence for the reasons set forth in the

Preliminary Statement, incorporated herein by reference.

16.    What were the credit statements that Wachovia received about each of the

applicants?

**RESPONSE: Pursuant to Federal Rule of Civil Procedure 33(d), Wachovia**

**refers plaintiffs to their loan files, which already have been produced.**

AS TO OBJECTIONS:

Michael J. Barrie                          Stephen A. Fogdall (admitted *pro hac vice*)
Schnader Harrison Segal & Lewis LLP        Schnader Harrison Segal & Lewis LLP
824 N. Market Street                       1600 Market Street, Suite 3600
10th Floor, Suite 1001                     Suite 3600
Wilmington, DE 19801-3011                  Philadelphia, PA 19103
(302) 888-4554                             (215) 751-2000

*Counsel for Defendants Wachovia Mortgage Corporation*
*and Wachovia Corporation*

Dated:  November 1, 2007

## CERTIFICATE OF SERVICE

I, Stephen A. Fogdall, certify that the forgoing Responses and Objections to Plaintiffs' First Set of Interrogatories and Additional Interrogatories were served upon the following by facsimile and overnight mail on the following:

> John S. Grady, Esquire
> Grady & Hampton, LLC
> 6 North Bradford Street
> Dover, DE 19904

Dated: November 1, 2007

# Exhibit B

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TOLANO ANDERSON, et al., | ) |
| | ) |
| Plaintiffs, | ) C. A. No. 06 CV 00567 (SLR) |
| | ) |
| v. | ) |
| | ) |
| WACHOVIA MORTGAGE CORPORATION | ) |
| and WACHOVIA CORPORATION, | ) |
| | ) |
| Defendants. | ) |

### PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANTS

Plaintiffs request that Defendants produce for inspection and copying at the offices of Plaintiffs' attorney, John S. Grady, Esq., of Grady & Hampton, LLC, 6 North Bradford Street, Dover, Delaware 19904, the following:

1.    All documents in connection with the application and approval of the mortgages for any mortgage applications that Plaintiffs have made with Defendants during the past ten (10) years.  This request would include any written documents completed by the Plaintiffs and it would also include any written documents relied upon by the Defendants.  That would also include any application documents Plaintiffs have either signed or have completed in connection with their mortgages and any approvals and internal memoranda by the Defendants in connection with the evaluation of the mortgages.  This would include the initial mortgage applications.  Plaintiffs are specifically requesting any documents relied upon by the Defendants in the evaluation of the Plaintiffs' for the mortgages.

***RESPONSE:***

*RESPONSE:*

2.    All internal communications of the Defendants in connection with the mortgage applications, including emails between Defendants' employees in connection with the mortgage applications.

*RESPONSE:*

3.    All internal documents that Defendants are required to rely upon in evaluating the mortgage applications for homeowners, particularly including any documents which might discuss or provide guidance in connection with either the evaluation of homes for mortgages or the requirement of repairs prior to the providing of mortgages.

*RESPONSE:*

4.    All internal documents indicating the rate of approval of applicants by income or race or any other categories in Delaware or nationally.

*RESPONSE:*

5.    Any internal documents reflecting any list of approved appraisers or any provisions addressing how appraisers are to be selected in connection with homeowners.

*RESPONSE:*

6.    Any documents that specify any preferences or considerations which the bank uses in the mortgage application process when dealing with individuals who are already Wachovia customers.

***RESPONSE:***

7.    Any documents which are used or relied upon by the Defendants to distinguish what requirements are made for down payments on mortgage applications (for example, 10% down, 20% down, etc.) and how the interest rates are computed with respect to different down payments.

***RESPONSE:***

8.    All preliminary documents, memos, telephone messages or emails which in any way provided any comments, discussions or evaluations of Plaintiffs' homes by either appraisers or other bank officials.

***RESPONSE:***

9.    Any documents of the Defendants requiring the source of the mortgage applicants' money.

***RESPONSE:***

10.    Any documents indicating the requirement of the applicants' property to meet any specific conditions necessary for sale or for an appraisal.

***RESPONSE:***

3

11.    Any documents reflecting the mortgage approval rates of African-Americans in Delaware.

**_RESPONSE:_**

12.    The initial mortgage application of each of the Plaintiffs.

**_RESPONSE:_**

GRADY & HAMPTON, LLC

John S. Grady (I.D. 009)
6 North Bradford St.
Dover, DE 19904
(302) 678-1265
*Attorneys for Plaintiffs*

DATED:    September 11, 2007

4

# Exhibit C

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| TOLANO ANDERSON, et al., | ) |
| | ) |
| Plaintiffs, | ) C. A. No. 06 CV 00567 (SLR) |
| | ) |
| v. | ) |
| | ) |
| WACHOVIA MORTGAGE CORPORATION | ) |
| and WACHOVIA CORPORATION, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFFS' ADDITIONAL  REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANTS**

13.     Any internal studies that Wachovia has done which would address the issue of racial bias in the mortgage applications.

***RESPONSE:***

14.     Any credit statements which Wachovia received about any of the Plaintiffs.

***RESPONSE:***

GRADY & HAMPTON, LLC

John S. Grady (I.D. 009)
6 North Bradford St.
Dover, DE 19904
(302) 678-1265
*Attorneys for Plaintiffs*

DATED:     September 21, 2007