# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TOLANO ANDERSON, et al., ) | |
| ) | |
| Plaintiffs, ) | C.A. No. 06 CV 00567 (SLR) |
| ) | |
| v. ) | |
| ) | |
| WACHOVIA MORTGAGE CORPORATION ) | |
| *and* WACHOVIA CORPORATION, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**REPLY BRIEF OF DEFENDANTS WACHOVIA MORTGAGE CORPORATION AND WACHOVIA CORPORATION IN SUPPORT OF THEIR MOTION TO STRIKE PORTIONS OF THE ERRATA SHEET FOR PLAINTIFF LLOYD WHEATLEY'S OCTOBER 31, 2007 DEPOSITION**

*Of Counsel*
Elizabeth K. Ainslie
Stephen A. Fogdall (admitted *pro hac vice*)
Schnader Harrison Segal & Lewis LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103
(215) 751-2000

Michael J. Barrie (#4684)
Schnader Harrison Segal & Lewis LLP
824 N. Market Street
10th Floor, Suite 1001
Wilmington, DE 19801-3011
(302) 888-4554

*Counsel for Defendants Wachovia Mortgage Corporation and Wachovia Corporation*

December 21, 2007

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii

ARGUMENT ........................................................................................................................1

CONCLUSION .....................................................................................................................5

CERTIFICATE OF SERVICE

## TABLE OF AUTHORITIES

*Innovative Marketing & Technology, L.L.C. v. Norm Thompson Outfitters, Inc.*,
    171 F.R.D. 203 (1997)..................................................................................................4

Restatement (Third) of Property (Mortgages) § 7.2(a)(1)....................................................1

**ARGUMENT**

Wachovia submits this brief reply in further support of its motion to strike portions of the errata sheet for plaintiff Lloyd Wheatley's October 31, 2007 deposition:

***First***, plaintiffs erroneously say that "the general viability of their case" is "not the subject of this motion." Pls' Opp. at 1. To the contrary, plaintiffs are attempting to create a sham issue of fact regarding the reasonableness of inspections and repairs plaintiffs say Wachovia required before it would give the Wheatleys a loan. Thus, Wachovia's and Fannie Mae's underwriting guidelines relating to appraisals and livability of property are central to this motion. Mr. Wheatley's concessions at his deposition eliminate any issue of fact that his property *was not livable* at the time he sought to purchase it, demonstrating that the loan he and his wife sought would not meet underwriting standards. He cannot take back those concessions by altering his testimony after the fact.

***Second***, while not material to the present motion, we find it necessary to point out that, contrary to plaintiffs' counsel's misstatement, a "purchase money mortgage" is *any* "mortgage given to a vendor of the real estate *or to a third party lender* to the extent that the proceeds of the loan are used to . . . acquire title to the real estate." Restatement (Third) of Property (Mortgages) § 7.2(a)(1) (emphasis added). So the mortgages at issue here most certainly were "purchase money mortgages."

***Third,*** plaintiffs' counsel mischaracterizes the testimony of the underwriter, Colleen Fazzino. Her testimony was not "slightly different" when examined by Wachovia's counsel as compared to plaintiffs' counsel. It was precisely the same. As

Ms. Fazzino testified, after the Wheatleys' first loan application was denied due to the state of the collateral, they submitted a second loan application. That application, like the first, was for a Fannie Mae "stated income" loan, which, as the name implies, was supposed to be sold to Fannie Mae. *See* Fazzino Dep. at 85:14-86:5 (first application), 96:10-25 (second application), 98:18-25 (loan intended to be sold to Fannie Mae). Because it was intended for Fannie Mae, the loan had to meet Fannie Mae guidelines. *Id*. It did not, for three reasons:

a) At the time the Wheatleys submitted this second loan application, August 3, 2004, Fazzino Dep. 48:2-9, the concerns noted in the appraisal had not been addressed. The roof was not inspected until August 10, 2004, *see* Opening Brf. Ex. I; Fazzino Dep. at 111:22-112:7, and plaintiffs have never submitted any documentation showing that they installed heat on the second floor.

b) The underwriting guidelines for the Wheatley's stated income loan required that they use at least 10% of their own funds to purchase the property. They did not meet this requirement. Fazzino Dep. at 56:20-58:8, 108:2-109:12.

c) The guidelines also required the Wheatleys to satisfy an "asset test" to demonstrate the viability of the income stated on their application. Fazzino Dep. at 99:11-20. The Wheatleys did not satisfy this test because they were utilizing funds from Mr. Wheatley's business to purchase the property and the business had no CPA that could verify the funds. Fazzino Dep. at 99:21-101:9.

Nevertheless, because the Wheatleys had a history of banking with Wachovia and were considered five star customers, Wachovia agreed to approve the loan

2

even though it did not meet Fannie Mae guidelines. This is called an "exception" loan. Fazzino Dep. at 109:10-12. Wachovia had to hold this loan in its own portfolio rather than sell it on the secondary market. Fazzino Dep. at 109:13-17. Because Wachovia had to bear the risk of this loan (and, as an exception, the loan was uninsurable), Wachovia offered to make the loan at an 80% loan-to-value ratio rather than the 90% ratio for which the Wheatleys had applied. Fazzino Dep. at 59:1-6, 104:24-105:17. The Wheatleys accepted this offer.

*Fourth*, contrary to plaintiffs' counsel's arguments, Mr. Wheatley never "modified" his answers when he was questioned by his own counsel at his deposition. The testimony that Mr. Wheatley improperly altered on his errata sheet was this:

> Q.   And do you agree that it would make sense for the lender to want to ensure that the collateral for the loan is in livable condition?
>
> **A.   Yes.**
>
> Q.   Do you recall at some point Wachovia said they needed a letter from a contractor so that they would have assurance that the roof didn't leak?
>
> A.   Yes.
>
> Q.   And did you feel that that was unreasonable?
>
> **A.   No.**

Wheatley Dep. at 58:9-61:5.

Nowhere in Mr. Wheatley's testimony did he take back or modify these answers. He never said in response to his own counsel's questions that it would *not* make sense for a lender to want the home (the collateral for the loan) to be in livable condition. Yet he changed his answer to that question from "yes" to "no" on the errata sheet.

3

Likewise he never said it was *unreasonable* for Wachovia to ask for an *inspection* of the roof. He simply said that he did not want to make *repairs* to the home because it had appraised for its purchase price. Wheatley Dep. at 127:8-18. Nor did he ever rescind his concession that a lender reading the appraisal's reference to a possible leak in the roof could be concerned about the livability of the property. To the contrary, even during his own counsel's questioning he admitted that the concerns Wachovia had with the property were "*legitimate concerns*." Wheatley Dep. at 122:14-21 (emphasis added).

**Fifth**, plaintiffs' counsel repeatedly misstates the ultimate issue. The question is not whether Mr. Wheatley can make substantive changes to his testimony. The question is whether the Court should *consider* those changes when it hears Wachovia's upcoming motion for summary judgment. The answer to that question is no, and plaintiffs do not attempt to argue otherwise. The only case they cite purportedly in their favor, *Innovative Marketing & Technology, L.L.C. v. Norm Thompson Outfitters, Inc.,* 171 F.R.D. 203 (1997), never addressed this question.

**Sixth**, Mr. Wheatley has offered no explanation for changing his testimony. His counsel *speculates* that Mr. Wheatley might have wanted to give "a more complete response." Pls' Opp. at 5. But, as we showed above, this purported explanation does not hold water. In any event, changing "yes" to "no" and "no" to "yes" is not giving "a more complete response," it is giving a new response that contradicts sworn testimony. The Court should strike these alterations on Mr. Wheatley's errata sheet.

4

## CONCLUSION

For these reasons, and those set forth in their opening brief, defendants Wachovia Mortgage Corporation and Wachovia Corporation hereby respectfully ask that the Court strike lines 14 and 15 of the errata sheet for plaintiff Lloyd Wheatley's October 31, 2007 deposition.

                                        Respectfully submitted,

/s/ Michael J. Barrie
Michael J. Barrie (#4684)

*Of Counsel*
Elizabeth K. Ainslie
Stephen A. Fogdall
Schnader Harrison Segal & Lewis LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103
(215) 751-2000

Schnader Harrison Segal & Lewis LLP
824 N. Market Street
10th Floor, Suite 1001
Wilmington, DE 19801-3011
(302) 888-4554

*Counsel for Defendants Wachovia Mortgage Corporation and Wachovia Corporation*

Dated: December 21, 2007

5

## CERTIFICATE OF SERVICE

I, Michael J. Barrie, certify that the forgoing Reply Brief of Defendants Wachovia Mortgage Corporation and Wachovia Corporation to Strike Portions of the Errata Sheet for Plaintiff Lloyd Wheatley's October 31, 2007 Deposition has been electronically filed and is available to be viewed and downloaded on the Court's ECF website. I further certify that I have served a copy of the Reply Brief upon the following by overnight mail:

> John S. Grady, Esquire
> Grady & Hampton, LLC
> 6 North Bradford Street
> Dover, DE 19904

/s/ Michael J. Barrie

December 21, 2007