IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TOLANO ANDERSON, et al., | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 06 CV 00567 (SLR) |
| v. | ) ) ) | |
| WACHOVIA MORTGAGE CORPORATION *and* WACHOVIA CORPORATION, | ) ) ) ) | |
| Defendants. | ) ) | |

**MOTION OF DEFENDANTS WACHOVIA MORTGAGE CORPORATION AND WACHOVIA CORPORATION FOR LEAVE TO FILE A SUR REPLY IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY**

Defendants Wachovia Mortgage Corporation and Wachovia Corporation (collectively, "Wachovia") hereby move this Court for leave to file the attached Sur Reply to Plaintiffs' Reply Memorandum in Support of Their Motion to Compel Interrogatories and Requests for Production (D.I. 49). In support of this motion, Wachovia states:

1. After plaintiffs filed their reply brief in support of their motion to compel discovery, plaintiffs' counsel wrote to the Court and withdrew significant aspects of their motion. Nevertheless, there are two new issues raised in plaintiffs' reply brief that Wachovia did not have the opportunity to address in its answering brief.

2. Plaintiffs now assert that Colleen Fazzino's deposition testimony somehow supports their request for production of loan approval statistics. This is not

correct. Plaintiffs' counsel questioned Ms. Fazzino about a worksheet for the Wheatley loan that was submitted to the federal government pursuant to the Home Mortgage Disclosure Act (HMDA). *See* Exhibit A of the attached Sur Reply. That worksheet merely indicates the Wheatleys' race. By definition, it does not reflect a loan approval *rate*, nor could such a rate be derived from this single document. Indeed, the only way to generate loan approval rates from HMDA worksheets would be to obtain the worksheet for each and every loan approved or denied and record the race of the borrower noted on each individual worksheet. Even assuming these documents are still available for every loan approved or denied (which is highly unlikely), the process would be onerous and, at the end of the day, of no value in the case. Furthermore, Wachovia's discovery obligations do not include generating statistics for plaintiffs' benefit.

2. Plaintiffs also raise the entirely new argument that Wachovia cannot refer to deposition transcripts under Rule 33(d) because these transcripts are not "business records." But Wachovia never once referred plaintiffs to depositions of witnesses when relying on Rule 33(d). Wachovia referred to Rule 33(d) when responding to interrogatories 1, 2, 3, 4, 8, 11, 14 and 16. By contrast, Wachovia referred plaintiffs to depositions of witnesses in response to only three interrogatories: 9, 12 and 13. Plaintiffs make no attempt to explain how it could be improper to refer a party to a witness who is in a better position to answer these interrogatories. Nor do they dispute that these depositions have answered their questions.

WHEREFORE, defendants Wachovia Mortgage Corporation and Wachovia Corporation respectfully ask to be given leave to file the Sur Reply attached hereto as Exhibit 1.

Respectfully submitted,

/s/ Michael J. Barrie
Michael J. Barrie
Schnader Harrison Segal & Lewis LLP
824 N. Market Street
10th Floor, Suite 1001
Wilmington, DE 19801-3011
(302) 888-4554

*Of Counsel*
Elizabeth K. Ainslie
Stephen A. Fogdall (admitted *pro hac vice*)
Schnader Harrison Segal & Lewis LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103
(215) 751-2000

*Counsel for Defendants Wachovia Mortgage Corporation*
*and Wachovia Corporation*

Dated:  January 3, 2008

**EXHIBIT 1**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| TOLANO ANDERSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No. 06 CV 00567 (SLR) |
| | ) | |
| v. | ) | |
| | ) | |
| WACHOVIA MORTGAGE CORPORATION | ) | |
| *and* WACHOVIA CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**SUR REPLY OF DEFENDANTS WACHOVIA MORTGAGE CORPORATION
AND WACHOVIA CORPORATION IN OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL DISCOVERY**

*Of Counsel*
Elizabeth K. Ainslie
Stephen A. Fogdall (admitted *pro hac vice*)
Schnader Harrison Segal & Lewis LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103
(215) 751-2000

Michael J. Barrie (#4684)
Schnader Harrison Segal & Lewis LLP
824 N. Market Street
10th Floor, Suite 1001
Wilmington, DE 19801-3011
(302) 888-4554

*Counsel for Defendants Wachovia Mortgage Corporation
and Wachovia Corporation*

January 3, 2008

**ARGUMENT**

Plaintiffs' counsel's December 31, 2007 letter to this Court withdrawing significant aspects of plaintiffs' motion to compel discovery did not cure two errors in plaintiffs' reply brief in support of that motion.

***First,*** plaintiffs mischaracterize the testimony of the underwriter Colleen Fazzino regarding the availability of loan approval statistics by race. Ms. Fazzino never said that Wachovia maintains such statistics. All Ms. Fazzino said is that the race of loan applicants is *reported* to the federal government on worksheets pursuant to the Home Mortgage Disclosure Act (HMDA). The HMDA worksheet that plaintiffs' counsel discussed with Ms. Fazzino at her deposition simply indicates the Wheatleys' race. *See* Exhibit A. By definition, it does not reflect a loan approval *rate*, nor could such a rate be derived from this single document. Indeed, the only way to generate loan approval rates from HMDA worksheets would be to obtain the worksheet for each and every loan approved or denied and record the race of the borrower noted on each individual worksheet. Even assuming these documents are still available for every loan approved or denied (which is highly unlikely), the process would be onerous and, at the end of the day, of no value in the case. Furthermore, Wachovia's discovery obligations do not include generating statistics for plaintiffs' benefit.

***Second,*** plaintiffs make the entirely new argument that Wachovia cannot refer plaintiffs to depositions of witnesses in interrogatory responses because deposition transcripts are not "business records" for purposes of Rule 33(d). Plaintiffs are correct that deposition transcripts are not business records, but that has no relevance. Wachovia

never once referred plaintiffs to depositions of witnesses when relying on Rule 33(d). Wachovia referred to Rule 33(d) when responding to interrogatories 1, 2, 3, 4, 8, 11, 14 and 16. Wachovia referred plaintiffs to depositions of witnesses in response to only three interrogatories: 9, 12 and 13. Plaintiffs make no attempt to explain how it could be improper to refer a party to a witness who is in a better position to answer these interrogatories. Nor do they dispute that these depositions have answered their questions.

For these reasons, as well as those in its answering brief, Wachovia respectfully asks that plaintiffs' motion compel discovery be denied in its entirety.

Respectfully submitted,

/s/ Michael J. Barrie
Michael J. Barrie (#4684)
Schnader Harrison Segal & Lewis LLP
824 N. Market Street
10th Floor, Suite 1001
Wilmington, DE 19801-3011
(302) 888-4554

*Of Counsel*
Elizabeth K. Ainslie
Stephen A. Fogdall
Schnader Harrison Segal & Lewis LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103
(215) 751-2000

*Counsel for Defendants Wachovia Mortgage Corporation
and Wachovia Corporation*

Dated: January 3, 2008

**EXHIBIT A**

# HOME MORTGAGE DISCLOSURE (HMDA)
## Validation Worksheet

The HMDA Validation Worksheet prints at the time "Final Action" is taken on the loan application. For closed loans, complete this form at time of funding authorization. For all other loans, complete this form when the Notice of Action Taken is prepared. Review this worksheet, make any corrections in MLS to ensure accurate HMDA reporting, and certify this task has been completed by signing this form. Accuracy of our HMDA Loan Application Register is extremely important. Inaccurate reporting will subject Wachovia to substantial fines and penalties and reputation risk.

1. __6995009__ Loan ID/Number
2. __6060 / 0805983__ Company/Sub - (should be 6060)/Branch RC
3. __06/22/04__ Date Application Received. This is the date WMC (via LO, wholesale office or exclusive agent or bank employee) received and agreed to accept the loan application for processing or actually began loan processing. Processing can begin in the absence of fees paid; complete information such as account numbers, etc; all signatures on the application; receipt of processing documents; property address, etc. Do not use a "dummy" date, even if the interest rate is locked prior to receipt of the application. This date must match the "date application received" on the 1003 Application. For Wholesale Loans, this date must match the "date received" by WMC. For Correspondent Loan Purchases, the date application received is suppressed ("N/A").
4. __Y__ Has Property Been Selected - Y/N? If Y, Property Address must be valid and complete for proper geocoding. No dummy address!! Enter N if property has not yet been selected, or if applicant wishes to be pre-qualified or pre-approved ("credit-only" application). Pre-quals are excluded from HMDA reporting. If N, street address should be "NA." (No dummy street or TBD, etc.) Enter only city and state. __DOVER, DE__
5. __1__ Loan Type.   1 = Conventional   3 = VA
                      2 = FHA            4 = USDA/Rural Housing Service
6. __1__ Loan Purpose.  1 = Purchase   2 = Home Improvement
                        3 = Refinancing
7. __FNSI30FEX__ Loan Program I.D. - Lot loans and Reverse Mortgages are excluded from HMDA reporting.
8. __1__ Occupancy -  1 = Owner Occupied/principal dwelling   2 = Not O/Occ(2nd and Investment)
                      3 = Multifamily (Not Applicable)
9. __240,000.00__ Loan Amount. For closed loans, this should be the Note amount. For loans denied, withdrawn, incomplete, or counteroffer refused, this should be the *requested* loan amount.
10. __3__ Final Action Taken.  1 = Loan Originated/Closed (WMC made final credit decision)
    2 = Approved, but not accepted. Loan received *final* approval, no contingencies. If borrower cannot meet underwriting contingencies at closing, report as denied. (Don't forget the second review and FLAT). Use this code in case of rescission.
    3 = Denied - File contains second review and FLAT
    4 = Withdrawn (Borrower took action) Do not use this code if file indicates underwriter denial. Code file as withdrawn only if borrower took action before lender made a final credit decision.
    5 = Incomplete (Lender took action)  6 = Purchased-whole loan purchase, Delegated Underwriting = Y
11. __N__ Delegated Underwriting Y/N? Enter Y only if WMC has given delegated underwriting authority on this particular loan transaction to an independent Third Party Originator (e.g. Correspondent). Do not enter Y for agents of WMC such as our affiliates and PMI contract underwriters.
12. __07/22/04__ Date of Final Action
    1. Loan Originated. This should be the Note Date, except on Correspondent (whole loans), it should be the Funds Cleared Date.
    2. Approved, but not accepted - Date in conversation log that customer rejected loan
    3. Denied - Date on Notice of Action Taken or "Accept By" date for counteroffers.
    4. Withdrawn - Date in conversation log that customer withdrew
    5. Incomplete - Date on Notice of Action Taken notice sent to customer (after first deadline passed).
    6. Purchased - Funds Cleared Date
13. __2__ Applicant Ethnicity *
    __2__ Co-Applicant Ethnicity *
14. __3__ Applicant Race *
    __3__ Co-Applicant Race *
15. __1__ Applicant Sex *
    __2__ Co-Applicant Sex *

\* Required if face-to-face interview either by applicant(s) or loan originator/broker observation. Information must be requested on telephone applications. If no co-applicant, enter N/A.

16. __N__ Is income being used to qualify applicant? (Y/N). Enter N only if income is not considered in making the credit decision, e.g. streamline refinance. Enter Y if income is considered, debt/income ratios are calculated, even if income is *not verified*, e.g. "stated income."
17. __18,333.00__ Gross Monthly Income - All income *relied upon* to make the credit decision. (Must match underwriting worksheets). If application is withdrawn or incomplete, income should match verified income (if any) or reported income on application.
18. __4__ Reasons for denial. Use standard reasons on Notice of Action Taken and HMDAVAL screen to ensure proper HMDA coding and mapping. (No free form language)
19. _____ 3B code used. WMC brokered the loan to another lender who made the final credit decision to approve the loan. These records are excluded from WMC's HMDA Loan Application Register (LAR).
20. _____ APR from final TIL (required for closed loans)

I have personally reviewed the HMDA Validation Worksheet and information in the loan origination system against the actual (hard copy) information in the file and certify to its accuracy and completeness.

Date Reviewed: 7/22/04

Validated by:
Signature: _____
Print name: J Fazzino

EXHIBIT 26
Fazzino 12-6-07

WHEAT000300

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| TOLANO ANDERSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No. 06 CV 00567 (SLR) |
| | ) | |
| v. | ) | |
| | ) | |
| WACHOVIA MORTGAGE CORPORATION | ) | |
| *and* WACHOVIA CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER**

AND NOW, this ___ day of _____, 2008, upon consideration of the Motion of Defendants Wachovia Mortgage Corporation and Wachovia Corporation for Leave to File a Sur Reply in Opposition to Plaintiffs' Motion to Compel Discovery, it is hereby ORDERED that the Motion is GRANTED and the Sur Reply attached to that Motion is deemed filed as of this date.

                                                                                              _____
                                                                                              Sue L. Robinson, U.S.D.J.

**CERTIFICATE OF SERVICE**

I, Michael J. Barrie, certify that the forgoing Motion for Leave to File a Sur Reply in Opposition to Plaintiffs' Motion to Compel Discovery has been electronically filed and is available to be viewed and downloaded on the Court's ECF website. I further certify that I have served a copy of the Reply Brief upon the following by overnight mail:

> John S. Grady, Esquire
> Grady & Hampton, LLC
> 6 North Bradford Street
> Dover, DE 19904

/s/ Michael J. Barrie

January 3, 2008