IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| TOLANO ANDERSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No. 06 CV 00567 (SLR) |
| | ) | |
| v. | ) | |
| | ) | |
| WACHOVIA MORTGAGE CORPORATION | ) | |
| *and* WACHOVIA CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**WACHOVIA'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO
DEFENDANTS AND ADDITIONAL REQUESTS FOR PRODUCTION OF
DOCUMENTS DIRECTED TO DEFENDANTS**

Defendants Wachovia Mortgage Corporation and Wachovia Corporation

(collectively "Wachovia) hereby respond to plaintiffs' First Request for Production of

Documents Directed to Defendants and to plaintiffs' Additional Requests for Production of

Documents Directed to Defendants.

**PRELIMINARY STATEMENT**

Wachovia objects to plaintiffs' First Request for Production of Documents and

plaintiffs' Additional Requests for Production of Documents because the information they seek

is neither relevant to any claim or defense in this action, nor reasonably calculated to lead to such

evidence. Plaintiffs' claims are brought under 42 U.S.C. § 1981. To succeed on their claims,

plaintiffs must prove that Wachovia intentionally discriminated against them on the basis of race

when it agreed to issue their loans in this case. None of plaintiffs' requests pertain to that theory. Instead, plaintiffs seek: (i) information relating to other loans Wachovia may have made to plaintiffs in the past; (ii) information relating to other borrowers; (iii) information relating to Wachovia employees who had no involvement in the transactions at issue here; and (iv) statistical evidence of loan approval rates for African-Americans nationally and in Delaware. Such information has absolutely no bearing on the elements plaintiffs must establish to prevail on their claims under Section 1981.

### RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS

1.      All documents in connection with the application and approval of the mortgages for any mortgage applications that Plaintiffs have made with Defendants during the past ten (10) years. This request would include any written documents completed by the Plaintiffs and it would also include any written documents relied upon by the Defendants. That would also include any application documents Plaintiffs have either signed or have completed in connection with their mortgages and any approvals and internal memoranda by the Defendants in connection with the evaluation of the mortgages. This would include the initial mortgage applications. Plaintiffs are specifically requesting any documents relied upon by the Defendants in the evaluation of the Plaintiffs for the mortgages.

**RESPONSE: Subject to and without waiver of the objections set forth in the Preliminary Statement, incorporated herein by reference, Wachovia will produce loan files for any loans by Wachovia Mortgage Corporation to plaintiffs within the last ten years, to the extent these documents are within its possession, custody or control.**

2.    All internal communications of the Defendants in connection with the

mortgage applications, including e-mails between Defendants' employees in connection with the

mortgage applications.

**RESPONSE: Subject to and without waiver of the objections set forth in the**

**Preliminary Statement, incorporated herein by reference, Wachovia states that any**

**responsive documents relating to the loans in this case have been produced to plaintiffs.**

3.    All internal documents that Defendants are required to rely upon in

evaluating the mortgage applications for homeowners, particularly including any documents

which might discuss or provide guidance in connection with either the evaluation of homes for

mortgages or the requirement of repairs prior to the providing of mortgages.

**RESPONSE: Wachovia objects that this Request is overbroad and unduly**

**burdensome. Wachovia further objects that the phrase "internal documents that**

**Defendants are required to rely upon" is vague and ambiguous. Subject to and without**

**waiver of these objections, as well as the objections set forth in the Preliminary Statement,**

**incorporated herein by reference, Wachovia states that any responsive documents relating**

**to the loans in this case have been produced to plaintiffs. Wachovia further notes that**

**Fannie Mae's guidelines are available online at www.allregs.com/efnma.**

4.    All internal documents indicating the rate of approval of applicants by

income or race or any other categories in Delaware or nationally.

**RESPONSE: Wachovia objects that this request is overbroad and unduly**

**burdensome. Wachovia further objects that it is under no obligation to compile statistics**

for plaintiffs.  Wachovia further objects that this Request is not reasonably calculated to lead to the discovery of admissible evidence for the reasons set forth in the Preliminary Statement, incorporated herein by reference.

      5.     Any internal documents reflecting any list of approved appraisers or any provisions addressing how appraisers are to be selected in connection with homeowners.

      **RESPONSE:  Wachovia objects that it has no "internal documents reflecting any list of approved appraisers."  To the extent Wachovia has documents relating to the loans in this case and responsive to this Request, these already have been produced.**  *See* **ANDER000076-000080, ANDER000167; WHEAT000185; WILK000084-000086, WILK000186.**

      6.     Any documents that specify any preferences or considerations which the bank uses in the mortgage application process when dealing with individuals who are already Wachovia customers.

      **RESPONSE:  Wachovia objects that this Request is based on inaccurate assumptions.  Subject to and without waiver of these objections, Wachovia refers plaintiffs to the loan files already produced.**  *See* **WHEAT000149.**

      7.     Any documents which are used or relied upon by the Defendants to distinguish what requirements are made for down payments on mortgage applications (for example, 10% down, 20% down, etc.) and how the interest rates are computed with respect to different down payments.

**RESPONSE:  Wachovia objects that this Request is based on inaccurate assumptions.  Subject to and without waiver of these objections, Wachovia refers plaintiffs to the loan files already produced.**

8.     All preliminary documents, memos, telephone messages or e-mails which in any way provided any comments, discussions or evaluations of Plaintiffs' homes by either appraisers or other bank officials.

**RESPONSE:  Subject to and without waiver of the objection set forth in the Preliminary Statement, incorporated herein by reference, Wachovia states that any responsive documents relating to the loans in this case have been produced to plaintiffs.**

9.     Any documents of the Defendants requiring the source of the mortgage applicants' money.

**RESPONSE:  Wachovia refers plaintiffs to the applicable underwriting guidelines already produced.**

10.     Any documents indicating the requirement of the applicants' property to meet any specific conditions necessary for sale or for an appraisal.

**RESPONSE:  Wachovia refers plaintiffs to the applicable underwriting guidelines already produced.**

11.     Any documents reflecting the mortgage approval rates of African-Americans in Delaware.

**RESPONSE:** For the reasons set forth in the Preliminary Statement, incorporated herein by reference, Wachovia objects that this Request is not reasonably calculated to lead to the discovery of admissible evidence.

      12.     The initial mortgage application of each of the Plaintiffs.

**RESPONSE:** Wachovia refers plaintiffs to the loan files already produced.

      13.     Any internal studies that Wachovia has done which would address the issue of racial bias in the mortgage applications.

**RESPONSE:** For the reasons set forth in the Preliminary Statement, incorporated herein by reference, Wachovia objects that this Request is not reasonably calculated to lead to the discovery of admissible evidence.

      14.     Any credit statements which Wachovia received about any of the Plaintiffs.

**RESPONSE:** Wachovia refers plaintiffs to the loan files already produced.

AS TO OBJECTIONS:

_____

| | |
|---|---|
| Michael J. Barrie | Stephen A. Bogdall (admitted *pro hac vice*) |
| Schnader Harrison Segal & Lewis LLP | Schnader Harrison Segal & Lewis LLP |
| 824 N. Market Street | 1600 Market Street, Suite 3600 |
| 10th Floor, Suite 1001 | Suite 3600 |
| Wilmington, DE 19801-3011 | Philadelphia, PA 19103 |
| (302) 888-4554 | (215) 751-2000 |

*Counsel for Defendants Wachovia Mortgage Corporation*
*and Wachovia Corporation*

Dated: November 1, 2007

6

## CERTIFICATE OF SERVICE

I, Stephen A. Fogdall, certify that the forgoing Responses and Objections to

Plaintiffs' First Request for Production of Documents were served upon the following by

facsimile and overnight mail on the following:

> John S. Grady, Esquire
> Grady & Hampton, LLC
> 6 North Bradford Street
> Dover, DE 19904

Dated:  November 1, 2007