# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TOLANO ANDERSON, et al.,     ) | |
|     ) | |
|     Plaintiffs,     ) | C.A. No. 06 CV 00567 (SLR) |
|     ) | |
|     v.     ) | |
|     ) | |
| WACHOVIA MORTGAGE CORPORATION     ) | |
| *and* WACHOVIA CORPORATION,     ) | |
|     ) | |
|     Defendants.     ) | |
|     ) | |
|     ) | |

_____

## APPENDIX OF EXHIBITS TO THE REPLY BRIEF OF DEFENDANTS WACHOVIA MORTGAGE CORPORATION AND WACHOVIA CORPORATION IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

_____

*Of Counsel*
Elizabeth K. Ainslie
Stephen A. Fogdall (admitted *pro hac vice*)
Schnader Harrison Segal & Lewis LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103
(215) 751-2000

Michael J. Barrie (#4684)
Schnader Harrison Segal & Lewis LLP
824 N. Market Street
10th Floor, Suite 1001
Wilmington, DE 19801-3011
(302) 888-4554

*Counsel for Defendants Wachovia Mortgage Corporation
and Wachovia Corporation*

May 27, 2008

# TABLE OF CONTENTS

**Exhibit**                                                                                                          **Page**

Plaintiffs' First Set of Interrogatories Directed to Defendants.........................................C-1

Plaintiffs' First Request for Production of Documents Directed to
Defendants .....................................................................................................................C-6

Plaintiffs' Additional Requests for Production of Documents
Directed to Defendants...................................................................................................C-10

Plaintiffs' Additional Interrogatories Directed to Defendants ....................................C-11

Wachovia's Responses and Objections to Plaintiffs' First Set of
Interrogatories Directed to Defendants and Additional Interrogatories
Directed to Defendants...................................................................................................C-13

Wachovia's Responses and Objections to Plaintiffs' First Request for
Production of Documents Directed to Defendants and Additional
Requests for Production of Documents Directed to Defendants..................................C-22

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TOLANO ANDERSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | C. A. No. 06 CV 00567 (SLR) |
| | ) | |
| v. | ) | |
| | ) | |
| WACHOVIA MORTGAGE CORPORATION | ) | |
| and WACHOVIA CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFFS' FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANTS

1.    Identify each and every employee of the Defendants' corporation who participated in the application and approval process of the Plaintiffs' loans.  With respect to each, submit the following:

    a.  His/her particular role;

    b.  Whether any decisions or input was made solely or in consultation with others, and if others, what other persons and what their roles were.

***ANSWER:***

2.    State the date that the Defendants first initiated the application process of each of the Plaintiffs.  Also specify how the mortgage application was initiated.

***ANSWER:***

3.    State on what date that the Defendants first required and accepted any money from the Plaintiffs in connection with the mortgage applications, and further state what the purpose of that money was for and whether it was refundable or non-refundable.

*ANSWER:*

4.    When was the first time Plaintiffs were verbally informed of what their down payment would be in connection with the mortgage applications and what the interest rates would be, and who was the individual who informed the Plaintiffs of this information?

*ANSWER:*

5.    What is the name and address of the first appraiser used by the Defendants in this case? State what the business relationship was with that appraiser, for example, how often he was used by the Defendants.

*ANSWER:*

6.    Identify the method by which the bank selected the appraisers in this case. For example, state whether they came from a specific list of approved appraisers or whether they are randomly selected or whether each loan officer has his or her own method of giving appraisals.

*ANSWER:*

7.    Identify other loan officers of Wachovia in Kent County who have mortgage responsibilities similar to those of Mr. Hogsten.

*ANSWER:*

8.    What was the role in the mortgage applications of the Plaintiffs of Mr. Hogsten, Dan Wilkes, Mr. DeStefano, Skowronski, Ms. Colleen Fazzino and John Mullens in the mortgage transaction?

*ANSWER:*

9.    Did Mr. Hogsten ever inform or suggest to Mr. Anderson that any of the properties in question was a potential commercial property? If so, state the basis of Mr. Hogsten's information and whether there were any documents which he relied upon or considered.

*ANSWER:*

10.    In paragraph 40 of Plaintiffs' amended complaint, there is an allegation that the Plaintiffs were told the bank policies on appraisals, repairs and warranties were

confidential and not available to the public. State the criteria of the bank, written or oral, for appraisals, repairs and warranties in connection with the loan application process and identify any loan documents which reflect these policies. Also state the financial criteria, written and oral, for approving loan applications.

*ANSWER:*


11.    Plaintiffs allege in paragraph 48 of the amended complaint that there could not be a closing on the Anderson property unless there was a letter from a contractor saying that the roof on the home did not leak. Is this correct? If so, what bank rule, regulation or requirement, oral or written, required such proof at that time?

*ANSWER:*


12.    In paragraph 52 of the amended complaint, there is an allegation that Hogsten said the bank wanted an additional down payment from Wheatley before this matter could go to closing. Is that correct? If so, state the bank regulations, rules and provisions, written or oral, which required a change in the down payment.

*ANSWER:*


13.    The allegation in paragraph 61 of the amended complaint alleges that DeStefano informed Wheatley that Wachovia was unable to obtain a PMI for his home.

If that is correct, state the reasons why Wachovia was unable to obtain a PMI and who the approval was from and what the rules, regulations and requirements of the bank were for obtaining the PMI approval.

***ANSWER:***

14.    Identify the person or persons most knowledgeable about Wachovia's mortgage loan requirements who have knowledge of the facts of this case.

***ANSWER:***

GRADY & HAMPTON, LLC

John S. Grady (I.D. 009)
6 North Bradford St.
Dover, DE 19904
(302) 678-1265
*Attorneys for Plaintiffs*

DATED:    September 11, 2007

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TOLANO ANDERSON, et al., | ) |
| | ) |
| Plaintiffs, | ) C. A. No. 06 CV 00567 (SLR) |
| | ) |
| v. | ) |
| | ) |
| WACHOVIA MORTGAGE CORPORATION | ) |
| and WACHOVIA CORPORATION, | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANTS

Plaintiffs request that Defendants produce for inspection and copying at the offices of Plaintiffs' attorney, John S. Grady, Esq., of Grady & Hampton, LLC, 6 North Bradford Street, Dover, Delaware 19904, the following:

1.    All documents in connection with the application and approval of the mortgages for any mortgage applications that Plaintiffs have made with Defendants during the past ten (10) years.  This request would include any written documents completed by the Plaintiffs and it would also include any written documents relied upon by the Defendants.  That would also include any application documents Plaintiffs have either signed or have completed in connection with their mortgages and any approvals and internal memoranda by the Defendants in connection with the evaluation of the mortgages.  This would include the initial mortgage applications.  Plaintiffs are specifically requesting any documents relied upon by the Defendants in the evaluation of the Plaintiffs' for the mortgages.

***RESPONSE:***

*RESPONSE:*

2.    All internal communications of the Defendants in connection with the mortgage applications, including emails between Defendants' employees in connection with the mortgage applications.

*RESPONSE:*

3.    All internal documents that Defendants are required to rely upon in evaluating the mortgage applications for homeowners, particularly including any documents which might discuss or provide guidance in connection with either the evaluation of homes for mortgages or the requirement of repairs prior to the providing of mortgages.

*RESPONSE:*

4.    All internal documents indicating the rate of approval of applicants by income or race or any other categories in Delaware or nationally.

*RESPONSE:*

5.    Any internal documents reflecting any list of approved appraisers or any provisions addressing how appraisers are to be selected in connection with homeowners.

*RESPONSE:*

6.    Any documents that specify any preferences or considerations which the bank uses in the mortgage application process when dealing with individuals who are already Wachovia customers.

**_RESPONSE:_**


7.    Any documents which are used or relied upon by the Defendants to distinguish what requirements are made for down payments on mortgage applications (for example, 10% down, 20% down, etc.) and how the interest rates are computed with respect to different down payments.

**_RESPONSE:_**


8.    All preliminary documents, memos, telephone messages or emails which in any way provided any comments, discussions or evaluations of Plaintiffs' homes by either appraisers or other bank officials.

**_RESPONSE:_**


9.    Any documents of the Defendants requiring the source of the mortgage applicants' money.

**_RESPONSE:_**


10.    Any documents indicating the requirement of the applicants' property to meet any specific conditions necessary for sale or for an appraisal.

**_RESPONSE:_**

11.    Any documents reflecting the mortgage approval rates of African-Americans in Delaware.

*RESPONSE:*

12.    The initial mortgage application of each of the Plaintiffs.

*RESPONSE:*

GRADY & HAMPTON, LLC

John S. Grady (I.D. 009)
6 North Bradford St.
Dover, DE 19904
(302) 678-1265
*Attorneys for Plaintiffs*

DATED:    September 11, 2007

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TOLANO ANDERSON, et al., | ) |
| | ) |
| Plaintiffs, | )  C. A. No. 06 CV 00567 (SLR) |
| | ) |
| v. | ) |
| | ) |
| WACHOVIA MORTGAGE CORPORATION | ) |
| and WACHOVIA CORPORATION, | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFFS' ADDITIONAL  REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANTS

13.    Any internal studies that Wachovia has done which would address the issue of racial bias in the mortgage applications.

**_RESPONSE:_**

14.    Any credit statements which Wachovia received about any of the Plaintiffs.

**_RESPONSE:_**

GRADY & HAMPTON, LLC

John S. Grady (I.D. 009)
6 North Bradford St.
Dover, DE 19904
(302) 678-1265
*Attorneys for Plaintiffs*

DATED:    September 21, 2007

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TOLANO ANDERSON, et al., | ) |
| | ) |
| Plaintiffs, | ) C. A. No. 06 CV 00567 (SLR) |
| | ) |
| v. | ) |
| | ) |
| WACHOVIA MORTGAGE CORPORATION | ) |
| and WACHOVIA CORPORATION, | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFFS' ADDITIONAL INTERROGATORIES DIRECTED TO DEFENDANTS

15.    If the data is available, identify the number of applications by African-Americans for homes over $250,000.00 and the number African-American applicants for homes over $250,000.00 in Kent County and the number of applications which have been approved in each category.

*ANSWER:*

16.    What were the credit statements that Wachovia received about each of the applicants?

*ANSWER:*

GRADY & HAMPTON, LLC

John S. Grady (I.D. 009)
6 North Bradford St.
Dover, DE 19904
(302) 678-1265
*Attorneys for Plaintiffs*

DATED:        September 21, 2007

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| TOLANO ANDERSON, et al., | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 06 CV 00567 (SLR) |
| v. | ) ) | |
| WACHOVIA MORTGAGE CORPORATION *and* WACHOVIA CORPORATION, | ) ) ) | |
| Defendants. | ) ) | |

---

## WACHOVIA'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANTS AND ADDITIONAL INTERROGATORIES DIRECTED TO DEFENDANTS

---

Defendants Wachovia Mortgage Corporation and Wachovia Corporation (collectively "Wachovia") hereby respond to plaintiffs' First Set of Interrogatories Directed to Defendants and to plaintiffs' Additional Interrogatories Directed to Defendants.

## PRELIMINARY STATEMENT

Wachovia objects to plaintiffs' First Set of Interrogatories and plaintiffs' Additional Interrogatories because the information they seek is neither relevant to any claim or defense in this action, nor reasonably calculated to lead to such evidence. Plaintiffs' claims are brought under 42 U.S.C. § 1981. To succeed on their claims, plaintiffs must prove that Wachovia intentionally discriminated against them on the basis of race when it agreed to issue their loans in this case. None of plaintiffs' interrogatories pertain to that theory. Instead, plaintiffs seek: (i) information relating to other loans Wachovia may have made to plaintiffs in

the past; (ii) information relating to other borrowers; (iii) information relating to Wachovia employees who had no involvement in the transactions at issue here; and (iv) statistical evidence of loan approval rates for African-Americans nationally and in Delaware. Such information has absolutely no bearing on the elements plaintiffs must establish to prevail on their claims under Section 1981.

## RESPONSES AND OBJECTIONS TO SPECIFIC INTERROGATORIES

1.    Identify each and every employee of the Defendants' corporation who participated in the application and approval process of the Plaintiffs' loans. With respect to each, submit the following:

     a.    His/her particular role;

     b.    Whether any decisions or input was made solely or in consultation with others, and if others, what other persons and what their roles were.

**RESPONSE:  Wachovia objects that this Interrogatory is overbroad and unduly burdensome.  Subject to and without waiver of these objections, Wachovia refers plaintiffs to their loan files pursuant to Federal Rule of Civil Procedure 33(d).**

2.    State the date that the Defendants first initiated the application process of each of the plaintiffs. Also specify how the mortgage application was initiated.

**RESPONSE:  Wachovia objects to the form of this Interrogatory.  Plaintiffs "initiated the application process" by applying for their loans.  Subject to and without waiver of these objections, Wachovia refers plaintiffs to their loan files pursuant Federal Rule of Civil Procedure 33(d).**

3.    State on what date that [sic] the Defendants first required and accepted any money from the Plaintiffs in connection with the mortgage applications, and further state what the purpose of that money was for and whether it was refundable or non-refundable.

**RESPONSE: Wachovia objects that any information responsive to this Interrogatory would be equally if not more available to plaintiffs than to Wachovia. Moreover, to the extent Wachovia has any responsive information in its possession, that information would be reflected in plaintiffs' loan files. Subject to and without waiver of these objections, Wachovia refers plaintiffs to their loan files pursuant to Federal Rule of Civil Procedure 33(d).**

4.    When was the first time Plaintiffs were verbally informed of what their down payment would be in connection with the mortgage applications and what the interest rates would be, and who was the individual who informed the Plaintiffs of this information?

**RESPONSE: Wachovia objects that information responsive to this Interrogatory would be reflected in plaintiffs' loan files. Subject to and without waiver of these objections, Wachovia refers plaintiffs to their loan files pursuant to Federal Rule of Civil Procedure 33(d).**

5.    What is the name and address of the first appraiser used by the Defendants in this case? State what the business relationship was with that appraiser, for example, how often he was used by the Defendants.

RESPONSE: Wachovia objects to the form of this Interrogatory. Wachovia will not attempt to answer this Interrogatory until plaintiffs properly explain what they mean by the phrase "the first appraiser used by the Defendants in this case."

6.     Identify the method by which the bank selected the appraisers in this case. For example, state whether they came from a specific list of approved appraisers or whether they are randomly selected or whether each loan officer had his or her own method of giving appraisals.

RESPONSE: Wachovia objects to the form of this Interrogatory. Wachovia further objects that this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of these objections, Wachovia states that it did not "select" "the appraisers in this case," nor does "each loan officer" have "his or her own method of giving appraisals." Loan officers do not "give appraisals." Wachovia further states that to the extent it has information responsive to this Interrogatory in its possession, that information is reflected in plaintiffs' loan files. *See* ANDER000076-000080, ANDER000167; WHEAT000185; WILK000084-000086, WILK000186.

7.     Identify other loan officers of Wachovia in Kent County who have mortgage responsibilities similar to those of Mr. Hogsten.

RESPONSE: Wachovia objects that this interrogatory is not reasonably calculated to lead to admissible evidence for the reasons set forth in the Preliminary Statement, incorporated herein by reference.

8.    What was the role in the mortgage applications of the Plaintiffs of Mr. Hogsten, Dan Wilkes, Mr. DeStefano, Skowronski, Ms. Collen Fazzino and John Mullens in the mortgage transaction?

**RESPONSE:  To the extent Wachovia has information responsive to this Interrogatory in its possession, that information would be reflected in plaintiffs' loan files. Wachovia refers plaintiffs to their loan files pursuant to Federal Rule of Civil Procedure 33(d).**

9.    Did Mr. Hogsten ever inform or suggest to Mr. Anderson that any of the properties in question was a potential commercial property?  If so, state the basis of Mr. Hogsten's information and whether there were any documents which he relied upon or considered.

**RESPONSE:  Wachovia objects that any information responsive to this Interrogatory should be obtained by deposing Mr. Hogsten.**

10.    In paragraph 40 of Plaintiffs' amended complaint, there is an allegation that the Plaintiffs were told the bank policies on appraisals, repairs and warranties were confidential and not available to the public.  State the criteria of the bank, written or oral, for appraisals, repairs and warranties in connection with the loan application process and indentify any loan documents which reflect these policies.  Also state the financial criteria, written and oral, for approving loan applications.

**RESPONSE:  Wachovia objects to the form of this Interrogatory because it presupposes an allegation that Wachovia has denied.  Wachovia further objects that this**

Interrogatory is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of these objections, Wachovia refers plaintiffs to their loan files and to the underwriting guidelines already produced. Wachovia further notes that Fannie Mae's guidelines are available online at www.allregs.com/efnma.

11.     Plaintiffs allege in paragraph 48 of the amended complaint that there could not be a closing on the Anderson property unless there was a letter from a contractor saying that the roof on the home did not leak. Is this correct? If so, what bank rule, regulation or requirement, oral or written required such proof at that time?

RESPONSE: To the extent Wachovia has relevant and responsive information in its possession, custody or control, that information is reflected in the Andersons' loan file and in the underwriting guidelines already produced. Wachovia refers plaintiffs to these documents pursuant to Federal Rule of Civil Procedure 33(d).

12.     In paragraph 52 of the amended complaint, there is an allegation that Hogsten said the bank wanted an additional down payment from Wheatley before this matter could go to closing. Is that correct? If so, state the bank regulations, rules and provisions, written or oral, which required a change in the down payment.

RESPONSE: Wachovia objects that any information responsive to this Interrogatory should be obtained through plaintiffs' proposed 30(b)(6) deposition of Wachovia relating to the underwriting of plaintiffs' loans.

13.     The allegation in paragraph 61 of the amended complaint alleges that

DeStefano informed Wheatley that Wachovia was unable to obtain PMI for his home.  If that is

correct, state the reasons why Wachovia was unable to obtain a PMI and who the approval was

from and what the rules, regulations and requirements of the bank were for obtaining the PMI

approval.

**RESPONSE:  Wachovia objects that this Interrogatory is based on**

**inaccurate assumptions.  Wachovia further objects that any information responsive to this**

**Interrogatory should be obtained through plaintiffs' proposed 30(b)(6) deposition of**

**Wachovia relating to the underwriting of plaintiffs' loans.**

14.     Identify the person or persons most knowledgeable about Wachovia's

mortgage loan requirements who have knowledge of the facts of this case.

**RESPONSE:  Wachovia objects that this Interrogatory is overbroad and**

**unduly burdensome.   Subject to and without waiver of these objections, Wachovia refers**

**plaintiffs to their loan files pursuant to Federal Rule of Civil Procedure 33(d).**

15.     If the data is available, identify the number of applications by African-

Americans for homes over $250,000.00 and the number of African-American applicants for

homes over $250,000.00 in Kent County and the number of applications which have been

approved in each category.

**RESPONSE:  Wachovia objects that this Interrogatory is overbroad and**

**unduly burdensome.  Wachovia further objects that it is under no obligation to compile**

**statistics for plaintiffs.  Wachovia further objects that this Interrogatory is not reasonably**

calculated to lead to the discovery of admissible evidence for the reasons set forth in the

Preliminary Statement, incorporated herein by reference.

16.     What were the credit statements that Wachovia received about each of the

applicants?

RESPONSE:  Pursuant to Federal Rule of Civil Procedure 33(d), Wachovia

refers plaintiffs to their loan files, which already have been produced.

AS TO OBJECTIONS:

Stephen A. Fogdall (admitted *pro hac vice*)

Michael J. Barrie
Schnader Harrison Segal & Lewis LLP
824 N. Market Street
10th Floor, Suite 1001
Wilmington, DE 19801-3011
(302) 888-4554

Schnader Harrison Segal & Lewis LLP
1600 Market Street, Suite 3600
Suite 3600
Philadelphia, PA 19103
(215) 751-2000

*Counsel for Defendants Wachovia Mortgage Corporation*
*and Wachovia Corporation*

Dated:  November 1, 2007

## CERTIFICATE OF SERVICE

I, Stephen A. Fogdall, certify that the forgoing Responses and Objections to
Plaintiffs' First Set of Interrogatories and Additional Interrogatories were served upon the
following by facsimile and overnight mail on the following:

John S. Grady, Esquire
Grady & Hampton, LLC
6 North Bradford Street
Dover, DE 19904

Dated:  November 1, 2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TOLANO ANDERSON, et al., | ) |
| | ) |
| Plaintiffs, | )   C.A. No. 06 CV 00567 (SLR) |
| | ) |
| v. | ) |
| | ) |
| WACHOVIA MORTGAGE CORPORATION | ) |
| *and* WACHOVIA CORPORATION, | ) |
| | ) |
| Defendants. | ) |
| | ) |

---

### WACHOVIA'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANTS AND ADDITIONAL REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANTS

---

Defendants Wachovia Mortgage Corporation and Wachovia Corporation (collectively "Wachovia) hereby respond to plaintiffs' First Request for Production of Documents Directed to Defendants and to plaintiffs' Additional Requests for Production of Documents Directed to Defendants.

### PRELIMINARY STATEMENT

Wachovia objects to plaintiffs' First Request for Production of Documents and plaintiffs' Additional Requests for Production of Documents because the information they seek is neither relevant to any claim or defense in this action, nor reasonably calculated to lead to such evidence. Plaintiffs' claims are brought under 42 U.S.C. § 1981. To succeed on their claims, plaintiffs must prove that Wachovia intentionally discriminated against them on the basis of race

when it agreed to issue their loans in this case. None of plaintiffs' requests pertain to that theory. Instead, plaintiffs seek: (i) information relating to other loans Wachovia may have made to plaintiffs in the past; (ii) information relating to other borrowers; (iii) information relating to Wachovia employees who had no involvement in the transactions at issue here; and (iv) statistical evidence of loan approval rates for African-Americans nationally and in Delaware. Such information has absolutely no bearing on the elements plaintiffs must establish to prevail on their claims under Section 1981.

## RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS

1.    All documents in connection with the application and approval of the mortgages for any mortgage applications that Plaintiffs have made with Defendants during the past ten (10) years. This request would include any written documents completed by the Plaintiffs and it would also include any written documents relied upon by the Defendants. That would also include any application documents Plaintiffs have either signed or have completed in connection with their mortgages and any approvals and internal memoranda by the Defendants in connection with the evaluation of the mortgages. This would include the initial mortgage applications. Plaintiffs are specifically requesting any documents relied upon by the Defendants in the evaluation of the Plaintiffs for the mortgages.

**RESPONSE: Subject to and without waiver of the objections set forth in the Preliminary Statement, incorporated herein by reference, Wachovia will produce loan files for any loans by Wachovia Mortgage Corporation to plaintiffs within the last ten years, to the extent these documents are within its possession, custody or control.**

2.    All internal communications of the Defendants in connection with the mortgage applications, including e-mails between Defendants' employees in connection with the mortgage applications.

**RESPONSE: Subject to and without waiver of the objections set forth in the Preliminary Statement, incorporated herein by reference, Wachovia states that any responsive documents relating to the loans in this case have been produced to plaintiffs.**

3.    All internal documents that Defendants are required to rely upon in evaluating the mortgage applications for homeowners, particularly including any documents which might discuss or provide guidance in connection with either the evaluation of homes for mortgages or the requirement of repairs prior to the providing of mortgages.

**RESPONSE: Wachovia objects that this Request is overbroad and unduly burdensome. Wachovia further objects that the phrase "internal documents that Defendants are required to rely upon" is vague and ambiguous. Subject to and without waiver of these objections, as well as the objections set forth in the Preliminary Statement, incorporated herein by reference, Wachovia states that any responsive documents relating to the loans in this case have been produced to plaintiffs. Wachovia further notes that Fannie Mae's guidelines are available online at www.allregs.com/efnma.**

4.    All internal documents indicating the rate of approval of applicants by income or race or any other categories in Delaware or nationally.

**RESPONSE: Wachovia objects that this request is overbroad and unduly burdensome. Wachovia further objects that it is under no obligation to compile statistics**

for plaintiffs. Wachovia further objects that this Request is not reasonably calculated to lead to the discovery of admissible evidence for the reasons set forth in the Preliminary Statement, incorporated herein by reference.

5.    Any internal documents reflecting any list of approved appraisers or any provisions addressing how appraisers are to be selected in connection with homeowners.

RESPONSE: Wachovia objects that it has no "internal documents reflecting any list of approved appraisers." To the extent Wachovia has documents relating to the loans in this case and responsive to this Request, these already have been produced. *See* ANDER000076-000080, ANDER000167; WHEAT000185; WILK000084-000086, WILK000186.

6.    Any documents that specify any preferences or considerations which the bank uses in the mortgage application process when dealing with individuals who are already Wachovia customers.

RESPONSE: Wachovia objects that this Request is based on inaccurate assumptions. Subject to and without waiver of these objections, Wachovia refers plaintiffs to the loan files already produced. *See* WHEAT000149.

7.    Any documents which are used or relied upon by the Defendants to distinguish what requirements are made for down payments on mortgage applications (for example, 10% down, 20% down, etc.) and how the interest rates are computed with respect to different down payments.

**RESPONSE: Wachovia objects that this Request is based on inaccurate assumptions. Subject to and without waiver of these objections, Wachovia refers plaintiffs to the loan files already produced.**

8.    All preliminary documents, memos, telephone messages or e-mails which in any way provided any comments, discussions or evaluations of Plaintiffs' homes by either appraisers or other bank officials.

**RESPONSE: Subject to and without waiver of the objection set forth in the Preliminary Statement, incorporated herein by reference, Wachovia states that any responsive documents relating to the loans in this case have been produced to plaintiffs.**

9.    Any documents of the Defendants requiring the source of the mortgage applicants' money.

**RESPONSE: Wachovia refers plaintiffs to the applicable underwriting guidelines already produced.**

10.    Any documents indicating the requirement of the applicants' property to meet any specific conditions necessary for sale or for an appraisal.

**RESPONSE: Wachovia refers plaintiffs to the applicable underwriting guidelines already produced.**

11.    Any documents reflecting the mortgage approval rates of African-Americans in Delaware.

**RESPONSE:  For the reasons set forth in the Preliminary Statement,**
**incorporated herein by reference, Wachovia objects that this Request is not reasonably**
**calculated to lead to the discovery of admissible evidence.**

     12.     The initial mortgage application of each of the Plaintiffs.

**RESPONSE:  Wachovia refers plaintiffs to the loan files already produced.**

     13.     Any internal studies that Wachovia has done which would address the
issue of racial bias in the mortgage applications.

**RESPONSE:  For the reasons set forth in the Preliminary Statement,**
**incorporated herein by reference, Wachovia objects that this Request is not reasonably**
**calculated to lead to the discovery of admissible evidence.**

     14.     Any credit statements which Wachovia received about any of the
Plaintiffs.

**RESPONSE:  Wachovia refers plaintiffs to the loan files already produced.**

AS TO OBJECTIONS:

Michael J. Barrie
Schnader Harrison Segal & Lewis LLP
824 N. Market Street
10th Floor, Suite 1001
Wilmington, DE 19801-3011
(302) 888-4554

Stephen A. Bogdall (admitted *pro hac vice*)
Schnader Harrison Segal & Lewis LLP
1600 Market Street, Suite 3600
Suite 3600
Philadelphia, PA 19103
(215) 751-2000

*Counsel for Defendants Wachovia Mortgage Corporation*
*and Wachovia Corporation*

Dated:  November 1, 2007

## CERTIFICATE OF SERVICE

I, Stephen A. Fogdall, certify that the forgoing Responses and Objections to

Plaintiffs' First Request for Production of Documents were served upon the following by

facsimile and overnight mail on the following:

John S. Grady, Esquire
Grady & Hampton, LLC
6 North Bradford Street
Dover, DE 19904

Dated:  November 1, 2007

**CERTIFICATE OF SERVICE**

I, Michael J. Barrie, certify that the forgoing Appendix of Exhibits to the

Reply Brief of Defendants Wachovia Mortgage Corporation and Wachovia Corporation

in Support of their Motion for Summary Judgment has been electronically filed and is

available to be viewed and downloaded on the Court's ECF website.  I further certify that

I have served a copy of the Appendix upon the following by overnight mail:


John S. Grady, Esquire
Grady & Hampton, LLC
6 North Bradford Street
Dover, DE 19904


/s/ Michael J. Barrie
Dated:  May 27, 2008